ROSE ARENS, TRUSTEE FOR THE HEIRS OF ALPHONSE ARENS, v. MINNEAPOLIS-MOLINE, INC.

213 N. W. 2d 336.

December 7, 1973—No. 43923.

Mahoney, Dougherty, Angell & Mahoney, John F. Angell, LaVelle & Darling, and Robert A. Darling, for appellant.

Robb, Van Eps & Gilmore and Don James Chantry, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gillespie, JJ.

PER CURIAM.

Appeal from a judgment entered pursuant to an order granting defendant's motion for dismissal for failure to establish a prima facie case and from an order denying a new trial. We affirm.

This action was brought against Minneapolis-Moline, Inc., to recover for the wrongful death of Alphonse Arens, who was killed as a result of a tractor accident. Decedent's death occurred while working with a coemployee of the county in removing large rocks from a county road ditch with the aid of a four-wheel-tractor loader equipped with a front-end scoop.

Immediately preceding the accident, the tractor decedent was operating became stuck in the road ditch. In order to pull the tractor out of the ditch, a chain was connected between the front end of the tractor and the back of a truck. Decedent remained on the tractor as his coworker began to pull with the truck. While in the truck, the coworker could not see the decedent or the tractor. After he felt several jerks, the coworker left the truck to see what had happened and noticed that the right front wheel of the tractor had broken off at the steering knuckle. The wheel was lying at the point where the tractor had been stuck. The tractor had been moved several feet from its original position and was

standing upright. Decedent was lying between these two spots and had died of a crushing injury. There was an impression of 4 or 5 inches in the ground adjacent to the right front wheel. The only damage to the tractor was the loss of the wheel.

The tractor-loader was manufactured in 1958 by defendant and used and maintained by decedent's employer since the date of purchase. A metallurgist called by plaintiff testified that the fracture of the steering knuckle was caused by fatigue rather than overload. A fatigue failure occurs progressively whereas an overload failure occurs instantaneously. He testified that the fatigue failure could have been prevented by hardening the metal through methods known to the manufacturing industry at the time this tractor was manufactured. He stated, however, that the broken steering knuckle met the specifications of defendant for the part. No evidence was offered on the necessary design requirements for a steering knuckle on this type of tractor.

The issue here is whether the evidence presented was sufficient to raise an inference that the steering knuckle on the tractor was defective in manufacture and that the defect caused decedent's death. On a motion to dismiss for failure to establish a prima facie case, plaintiff is entitled to have the evidence viewed most favorably to him and to be given the benefit of all reasonable inferences that may be drawn from such evidence. Radloff v. Bragmus, 214 Minn. 130, 7 N. W. 2d 491 (1943). When, however, the plaintiff has failed to sustain the burden of proof on his allegations, the action may be dismissed:

"* * * Where the entire evidence sustains with equal justification two or more inconsistent inferences so that one inference does not reasonably preponderate over the others, plaintiff has not sustained the burden of proof on the proposition which alone would entitle him to recover and it becomes the duty of the trial court to direct a verdict for the defendant because any verdict to the contrary would be based on pure speculation or conjecture." Village of Plummer v. Anchor Cas. Co. 240 Minn. 355, 359, 61 N. W. 2d 225, 227 (1953).

Accord, Indianhead Truck Line, Inc. v. Anderson, 272 Minn. 497, 502, 139 N. W. 2d 271, 274 (1965).

Although the recovery of damages may be based on circumstantial evidence if the evidence meets the legal quantum of proof, the mere showing that an accident occurred or that death or injury resulted is insufficient without proof of negligence of defendant and a causal relation of such negligence to the occurrence. The inferences to be drawn from the circumstantial evidence must outweigh other inferences possible from that evidence. The proof must establish negligence and a

causal connection beyond a point of conjecture and show more than a mere possibility. Hagsten v. Simberg, 232 Minn. 160, 44 N. W. 2d 611 (1950); Hanrahan v. Safway Steel Scaffold Co. 233 Minn. 171, 46 N. W. 2d 243 (1951).

In the present case a finding for plaintiff based on the evidence presented by him would have to be based on conjecture and speculation. There was nothing in the evidence to make it more likely than not that decedent's death was caused by the fracture of the steering knuckle of the right front wheel. Nobody observed the accident and it was not shown whether the tractor in fact tipped throwing decedent, if he stepped off the tractor himself, or was thrown off by the jerking caused by the truck pulling it. He may have gotten off the tractor before the front wheel came off. The tractor was seen only in an upright position and no evidence was introduced showing other damage to the tractor consistent with a theory that it had tipped. In addition, the evidence shows the scoop on the tractor was on the ground at the time and since it was wider than the front wheels, it would tend to stabilize the tractor and impede its tipping.

Furthermore, there was no evidence that defendant was in any manner negligent in the manufacture of the steering mechanism. Plaintiff's expert merely established that the steel could have been made harder to prevent fatigue failure. However, the expert testified that the part met the design requirements of defendant at time of manufacture and plaintiff did not introduce any evidence that these design requirements were inadequate for a tractor of this type manufactured in 1958.

Affirmed.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideraion or decision of this case.