Tom DIETHELM d.b.a. Tom Diethelm Builders, Appellant,

v.

W.J. CAVANAUGH and Edward and Lorraine Meehan, Respondents,

D.W. Johnson, Inc. et al., Defendants,

Kenneth N. Gebhardt, Respondent,

Miles Homes Division of Insilco Corp., Respondent.

No. C9–83–1694.

Court of Appeals of Minnesota.

June 19, 1984.

Robert A. Nicklaus, Diane M. Knoss, Chaska, for appellant.

Jerome G. Raidt, Clinton R. Moritz, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a judgment of dismissal against a mechanics lien claimant, following motions of dismissal granted after presentation of his evidence, and from an order denying his motion for a new trial. The trial court, sitting without a jury, found that the appellant had not shown that the pre-lien notice required by Minn. Stat. § 514.011(2) (1980) was given to the owners. We affirm.

## FACTS

Appellant Diethelm was a subcontractor doing excavation, foundation and framing work on new home construction. He did a number of such jobs for one contractor, Homestead Developers Corp. This action involves a house built for respondent Gebhardt and his wife following a contract signed with Homestead on February 23, 1981. The Gebhardts never contracted directly with Diethelm.

Diethelm testified that he personally gave a pre-lien notice to Kenneth Gebhardt on the job site. His testimony, on this as on other points, was confused as to the month. He stated variously that notice had been given "around the 18th or 20th of June," or the "18th, 19th or 20th of May." An employee of Diethelm testified that he had seen the notice given, but was not helpful as to the month. Diethelm's testimony was also uncertain as to when he began work at the site, but focused on May 5, 1981.

Diethelm did not retain a copy of the pre-lien "Notice to Owner" he claimed to have given Gebhardt. He testified using a blank form which he stated was the "same type of form" that he had handed to Gebhardt. This form was marked but not received into evidence. However, Diethelm did testify that he obtained the form through his attorney, and the trial court took judicial notice of the fact that it was printed by a publisher of legal forms. Diethelm did read into evidence the warning language printed on the form.

## ISSUES

1. Was Diethelm's evidence sufficient to show that he had given pre-lien notice as required by Minn.Stat. § 514.011(2) (1980)?

2. Was the trial court's dismissal of the action on a finding that no notice was shown clearly erroneous?

## ANALYSIS

### I.

Minn.Stat. § 514.011(2) provides that a mechanics lien claimant must "cause to be given to the owner ... a written [pre-lien] notice," of specified form and content. This statutory requirement of notice is to be strictly construed, *Dolder v. Griffin*, 323 N.W.2d 773 (Minn.1982). Its purpose is "to remedy the unfairness arising from the foreclosure of mechanics liens on property of unsuspecting owners." *Polivka Logan Designers, Inc. v. Ende*, 312 Minn. 171, 176, 251 N.W.2d 851, 854 (1977).

The trial court found that Diethelm had failed to show a strict compliance with the statute. This finding was principally based on the lack of evidence showing that the form itself met the requirements of § 514.011(2), and on Diethelm's failure to establish the day on which he gave notice.

The pre-lien notice requirement reads as follows:

"*Subd. 2. Subcontractor to give notice.* Every person who contributes to

the improvement of real property so as to be entitled to a lien pursuant to section 514.01, except a party under direct contract with the owner must, as a necessary prerequisite to the validity of any claim or lien, cause to be given to the owner or his authorized agent, either by personal delivery or by certified mail, not later than 45 days after the lien claimant has first furnished labor, skill or materials for the improvement, a written notice in at least 10-point bold type, if printed, or in capital letters, if typewritten ... [notice omitted]."

Minn.Stat. § 514.011(2) (1980).

Although the sample notice form was not received into evidence, Diethelm testified as to its contents and read the warning language it contained into the record. This language conformed to the requirements of the statute in effect in 1981. Minn.Stat. § 514.011(2) (1980) (amended 1982). The statute details the form, including type size, required of the pre-lien notice. Diethelm, however, was not required to prove such detailed compliance as part of his prima facie case, but, rather, had the benefit of all reasonable inferences. *Arens v. Minneapolis-Moline, Inc.*, 298 Minn. 521, 213 N.W.2d 336 (1973).

Diethelm's testimony failed to establish that he had given the pre-lien notice within a 45-day period, as required by Minn.Stat. § 514.011(2). He stated at one point that he began work on May 5, 1981. According to his testimony, the pre-lien notice could have been given as late as June 20, 1981, the 46th day after the date of first contribution.

Mechanics liens are purely creatures of statute, and there must be substantial compliance with the statute if such liens are to be perfected. *Armco Steel Corp., Metal Products Division v. Chicago & N.W. Ry. Co.*, 276 Minn. 133, 149 N.W.2d 23 (1967). While Diethelm presented some evidence from which it could be inferred that the 45-day requirement was met, he did not meet his burden of proving compliance with the statute. *See, Lesmeister v. Dilly*, 330 N.W.2d 95 (Minn.1983).

## II.

The trial court found that there was no showing that pre-lien notice complying with Minn.Stat. § 514.011(2) was furnished to the Gebhardts. Although the court made its findings on motions of dismissal following presentation of the plaintiff's case only, we are required to review those findings using the clearly erroneous standard. Rule 41.02(2), Minn.R.Civil P.; *Fidelity Bank and Trust Co. v. Fitzimons*, 261 N.W.2d 586 (Minn.1977).

The trial court could have found that the 45-day requirement was met, given the number of alternative dates in Diethelm's testimony. In light of his overall uncertainty, however, and the lack of any record of pre-lien notice, the trial court's finding was not clearly erroneous. It is not necessary to address the other statutory requirements in respect to which notice was claimed to be deficient.

### DECISION

The trial court's finding that pre-lien notice complying with Minn.Stat. § 514.011(2) (1980) was not shown, was not clearly erroneous.

Affirmed.