LONDON CONSTRUCTION COMPANY, Plaintiff,

v.

ROSEVILLE TOWNHOMES, INC., et al., Defendants,

Union Bank and Trust Company, Respondent,

Rossini & Associates, P.A., Appellant.

No. C9–91–168.

Court of Appeals of Minnesota.

Aug. 6, 1991.

Russell A. Sorenson, Mark Bay, Thiel, Sorenson, Thiel, Campbell and Gunderson, Minneapolis, for respondent.

Anthony R. Rossini, Rossini, Nelson & Rossini, P.A., Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Rossini & Associates, P.A. appeals the summary judgment entered in favor of London Construction Company. Rossini & Associates contends that it is entitled to a mechanics' lien for legal services provided for a commercial development.

## FACTS

Appellant Rossini & Associates, P.A. provided legal services for the commercial development of a condominium complex, and helped the owner acquire financing. The owner of the property failed to make its mortgage payments and defaulted. Thereafter, appellant filed a mechanics' lien.

London Construction moved for summary judgment. After a hearing, the trial court granted summary judgment against appellant. The court reasoned it did not believe the legislature intended the mechanics' lien statute to extend to attorneys.

## ISSUE

Did the trial court err as a matter of law in holding that Rossini & Associates, P.A. do not have a right to a mechanics' lien under Minn.Stat. § 514.01 (1986)?

## ANALYSIS

In reviewing an order granting summary judgment, this court must determine: (1) whether there are any genuine issues of material fact; and (2) whether the trial court erred in its application of law.

*Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Further, we must view the evidence most favorable to the party against whom summary judgment was granted. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988) (citation omitted).

■ The parties agree on appeal that, at least between them, there are no material facts in dispute. The sole issue on appeal is whether the trial court properly construed and applied the statute to the facts in this case. The interpretation of a statute is a question of law and, on review, this court is not bound by the decision of the trial court. *McClain v. Begley,* 465 N.W.2d 680, 682 (Minn.1991). Therefore, this court is to conduct a *de novo* review on appeal. *Brown v. Allstate Ins. Co.,* 466 N.W.2d 54, 55 (Minn.App.1991).

Appellant argues that the statute gives it the right to a mechanics' lien for the legal services it provided. Appellant further contends that legal services are lienable services under the statute. The statute provides in relevant part:

> [W]hoever performs *engineering or land surveying services* with respect to real estate, or contributes to the improvement of real estate by performing labor, or *furnishing skill,* material or machinery *for any of the purposes* hereinafter stated, * * * shall have a lien upon the improvement, and upon the land on which it is situated or to which it may be removed * * * *for the erection, alteration, repair, or removal* of any building, fixture, bridge, wharf, fence, or other structure thereon, or *for grading, filling in or excavating* the same, or for *clearing, grubbing or first breaking,* or *for furnishing and placing soil or sod or for furnishing and planting of trees, shrubs, or plant materials,* or *for labor performed in placing soil or sod,* or *for labor performed in planting trees, shrubs, or plant materials,* or *for digging or repairing any ditch, drain, well, fountain, cistern, reservoir or vault* thereon, or *for laying, altering or repairing any sidewalk, curb, gutter, paving, sewer, pipe or conduit* in or upon the same.  * * *

Minn.Stat. § 514.01 (1986) (emphasis added).

■ The fundamental aim of an appellate court construing a statute is to ascertain and give effect to legislative intent. *In re Copeland,* 455 N.W.2d 503, 506 (Minn.App.1990), *pet. for rev. denied* (Minn. Jul: 31, 1990). There is simply no room for construction when the statute speaks for itself. *See Commissioner of Revenue v. Richardson,* 302 N.W.2d 23, 26 (Minn.1981). Thus, when the words of the statute are clear, the court must give effect to the statute's plain meaning. *See Tuma v. Commissioner of Economic Security,* 386 N.W.2d 702, 706 (Minn.1986).

■ Mechanics' liens are purely creatures of statute, and there must be substantial compliance with the statute if such liens are to be perfected. *Diethelm v. Cavanaugh,* 349 N.W.2d 608, 610 (Minn.App. 1984). In order for a mechanics' lien to be enforceable, the services provided must be lienable improvements as described in the statute. *Korsunsky Krank Erickson Architects v. Walsh,* 370 N.W.2d 29, 31 (Minn. 1985). The essential purpose of the mechanics' lien statute is to protect those who furnish material or services for the improvement of another's property. Because the purpose of the statute is remedial, it should be liberally construed to protect such persons. *Guillaume & Assocs. v. Don–John Co.,* 336 N.W.2d 262, 263 (Minn. 1983). However, although the remedial intent of legislation may be considered, the clear language of a statute cannot be disregarded in the name of pursuing the spirit rather than the letter of the law. Minn. Stat. § 645.16 (1990).

■ The statute is designed to protect two groups: (1) persons who perform engineering or land surveying services, and (2) persons who perform labor or furnish skills, material or machines for any of the *purposes listed in the statute.* Minn.Stat. § 514.01. Appellant does not fall in either category.

■ Appellant is in effect, asking this court to expand the list of services to in-

clude legal services. We conclude that this should be a legislative decision, not a judicial one. Case law indicates that architects are protected by the mechanics' lien statute. Appellant claims that since the services it provided were similar to those of an architect, it should also be protected by the statute. However, architects provide the type of services specifically mentioned in the statute. The services provided by an attorney are somewhat different from the ones we conclude the legislature sought to protect. Although appellant's liberal construction argument has merit, we conclude we would have to disregard the clear language of the statute to construe it in favor of appellant.

The trial court did not err when it concluded that appellant is not protected by the mechanics' lien statute.

## DECISION

The trial court did not err as a matter of law in determining that appellant is not entitled to a mechanics' lien under Minn. Stat. § 514.01 (1986).

Affirmed.