Chuck NIEWIND, d/b/a C & N Construction, a sole proprietorship, Appellant,

v.

Keith L. CARLSON, et al., Co-trustees of the Jane Lash Carlson Trust u/a May 3, 1989, Respondents,

Rapid Trust, et al., Third–Party Defendants.

No. C0–00–1881.

Court of Appeals of Minnesota.

June 26, 2001.

Paul D. Cerkvenick, Patrick J. Roche, Jr., Trenti Law Firm, Virginia, MN, (for appellant).

Mark G. Ohnstad, Thomsen & Nybeck, P.A., Edina, MN, (for respondents).

Considered and decided by CRIPPEN, Presiding Judge, KLAPHAKE, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge

Chuck Niewind, d/b/a C & N Construction (Niewind), appeals from the denial of his motion for a new trial or, in the alternative, amended findings of fact on the issue of attorney fees awarded to him in this mechanic's lien action. By notice of review, respondents Keith L. and Jane Lash Carlson, co-trustees of the Jane Lash Carlson Trust, (Carlsons) appeal from the denial of their motion for summary judgment. Because we conclude that Niewind's prelien notice failed to comply with the requirements of Minn.Stat. § 514.011, subd. 1 (2000), we reverse.

## FACTS

Niewind contracted with the Carlsons to construct a home on lakeshore property for $291,725. The parties do not dispute that Niewind provided work on extras not covered in the original bid, for which he claimed an additional $24,345.45 was due. The Carlsons admitted that $21,942.66 was due for the extras but refused to pay

anything, claiming that they were entitled to damages of over $100,000 for construction defects caused by Niewind. Niewind brought an action to foreclose a mechanic's lien. The Carlsons answered, alleging Niewind had not perfected a lien because the prelien notice printed on the form Niewind used was defective, and counterclaimed, asserting causes of action based on breach of contract and breach of warranty, among others.

The Carlsons moved for summary judgment on the mechanic's lien claim on the ground that Niewind's prelien notice was not in bold type as required by statute, defeating the lien. *See* Minn.Stat. § 514.011, subd. 1 (2000). The district court denied summary judgment, finding that the prelien notice was prominently displayed and that the Carlsons did not claim prejudice due to the lack of bold print.

Other suppliers of building materials and services were brought into the litigation. After a 10-day trial, the district court granted a directed verdict in favor of Niewind, dismissing all of the Carlsons' claims except those based on breach of contract and warranty. The jury determined that (1) Niewind was entitled to $24,284.57 for the extras; (2) Niewind did not breach the contract with the Carlsons; (3) although the Carlsons' home had construction defects, Niewind was not their direct cause; and (4) the Carlsons had no damages.

Niewind then sought $68,710.68 in attorney fees and an award of costs and disbursements. The district court awarded Niewind his costs and disbursements, but only $10,000 for attorney fees. Niewind appeals from the district court's denial of his motions for a new trial and amended findings of fact on the issue of attorney fees. By notice of review, the Carlsons

challenge the denial of their motion for summary judgment.

## ISSUES

1. Does a contractor's failure to comply with the statutory requirement that a printed prelien notice be in bold type defeat the lien?

2. Did the district court abuse its discretion by reducing Niewind's claimed attorney fees to $10,000?

## ANALYSIS

### 1. Prelien Notice Requirement

■■■ The Carlsons challenge the district court's denial of their motion for summary judgment, in which they requested dismissal of Niewind's mechanic's lien action because it failed to strictly comply with the prelien notice requirements of Minn.Stat. § 514.011, subd. 1 (2000). The parties agree with the district court's finding that Niewind's printed prelien notice was not in bold type as required by the statute. Whether the district court erred in applying the law to this fact is reviewed de novo. *See Morton Bldgs., Inc. v. Commissioner of Revenue,* 488 N.W.2d 254, 257 (Minn.1992).

Minnesota law specifies the content and form of a contractor's prelien notice and provides, in relevant part:

> The notice, whether included in a written contract or separately given, *must be* in at least 10–point bold type, if printed, or in capital letters, if typewritten
> * * *.
>
> * * * *
>
> A person who fails to provide the notice shall not have the lien and remedy provided by this chapter.

Minn.Stat. § 514.011, subd. 1 (emphasis added).

Niewind's prelien notice provided the wording required by the statute in 11–point type, meeting the statute's "at least 10–point type" requirement for printed forms, but the notice was neither bold nor in capital letters. The district court denied the Carlsons' motion for summary judgment, finding that the statement was printed in 11–point type (larger type than most other words on the proposal statement) within the same square as the Carlsons' signatures and that the Carlsons did not claim specific prejudice from the absence of bold print. We understand the district court's reluctance to invalidate the lien on a technicality, but the unambiguous language of the statute and caselaw require strict compliance with the statute. *See* Minn.Stat. § 645.16 (2000) ("When the words of a law in their application to an existing situation are clear and free from all ambiguity the letter of the law shall not be disregarded under the pretext of pursuing the spirit").

■■■ "[A]lthough the remedial intent of legislation may be considered, the clear language of a statute cannot be disregarded in the name of pursuing the spirit rather than the letter of the law." *London Constr. Co. v. Roseville Townhomes, Inc.,* 473 N.W.2d 917, 919 (Minn.App.1991) (citing Minn.Stat. § 645.16 (1990)). The supreme court has rejected a district court's characterization of the service requirement for a prelien notice as a "mere technicality" and stated that there must be strict compliance with the statute's requirements. *Merle's Constr. Co. v. Berg,* 442 N.W.2d 300, 302 (Minn.1989). This court has affirmed the rejection of a lien claim for failure of a subcontractor to prove that prelien notice was given to the owners within the 45–day limit contained in the statute governing subcontractor's prelien

notices.[1] *Diethelm v. Cavanaugh,* 349 N.W.2d 608, 610 (Minn.App.1984) (discussing statutory prelien notice requirements for subcontractors under Minn.Stat. § 514.011, subd. 2 (1980)). In *Klingelhutz v. Woodsmen Constr., Inc.,* we held that the mechanics' lien statute should be strictly construed in determining whether the lien attaches and that there must be strict compliance with the prelien notice statutory requirements. *Klingelhutz v. Woodsmen Constr., Inc.,* 455 N.W.2d 98, 100–01 (Minn.App.1990) (denying lien to subcontractor whose prelien notice stated owner could withhold amount of their claim for 90 days from completion of improvement, rather than 120–day withholding period provided for by statute), *review denied* (Minn. July 13, 1990).

Niewind argues that "substantial" compliance with the statute is all that is required to perfect a lien, citing *Armco Steel Corp. v. Chicago & N.W. Ry.,* 276 Minn. 133, 149 N.W.2d 23 (1967). In *Dolder v. Griffin,* the supreme court noted that counterpoised to this repeatedly stated principle is the principle that the statute should be strictly construed as to prelien notice. *Dolder v. Griffin,* 323 N.W.2d 773, 779–80 (Minn.1982). The *Dolder* court stated that the competing policy considerations are harmonized by the following reasoning:

> Mechanic's lien laws are strictly construed as to the question whether a lien attaches, but are construed liberally after the lien has been created. While the Mechanic's Lien Act is to be liberally construed as a remedial act, yet mechanics' liens exist only by virtue of the statute creating them, and such statutes must be strictly followed with reference to all requirements upon which the right to a lien depends.

*Id.* at 780 (quoting Annot., 76 A.L.R.3d 605, 618 (1977) (footnotes omitted)).

If the legislature had merely intended to require that notice be set out in a manner likely to bring it to the attention of the buyer, it would have said so. Instead, the legislature stated that the notice "*must be* in at least 10–point bold type if printed, or in capital letters, if typewritten * * *. A person who fails to provide the notice *shall not have the lien * * * provided by this chapter.*" Minn.Stat. § 514.011, subd. 1 (emphasis added). Because the statute is clear, there is nothing to interpret and the failure to strictly comply with the statute defeats Niewind's mechanic's lien. Accordingly, we reverse the district court's denial of Carlsons' motion for summary judgment and its award of costs and fees to Niewind and remand for entry of judgment in favor of Carlsons.

## 2. Attorney fees

Because we have determined that Niewind did not have a valid lien, we do not reach the issue of whether the district court abused its discretion in determining the amount of Niewind's attorney fees.

## DECISION

A contractor must strictly comply with all statutory requirements for prelien notices. Because Niewind did not provide prelien notice in the statutorily required

---

**1.** A *subcontractor* "does not lose the right to the lien for failure to strictly comply with this subdivision if a good faith effort is made to comply, unless the owner * * * proves damage as a direct result of the failure to comply." (Minn.Stat. § 514.011) subd. 2(b) (2000). But the strict compliance requirement is not relaxed for contractors. *See id.,* subd. 1.

type, the mechanic's lien did not attach to the Carlsons' property.

**Reversed.**