304 N.W.2d 362 (1981)
STATE of Minnesota, Respondent,
v.
M. C., Appellant.
No. 50750.
Supreme Court of Minnesota.
April 17, 1981.
*363 Meshbesher, Singer & Spence, Ronald I. Meshbesher, and Carol M. Grant, Minneapolis, Frank R. Berman, Beverly Hills, Cal., for appellant.
Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., and John DeSanto, Asst. County Atty., Duluth, for respondent.
Heard, considered and decided by the court en banc.
SHERAN, Chief Justice.
After her acquittal on two counts of firstdegree murder, appellant M. C.[1] made a motion for expungement of criminal records nearly identical to the motions we discussed at length in State v. C. A., 304 N.W.2d 353 (Minn.1981). The motion here was granted in part and denied in part. We find that the trial court should in all respects be affirmed, given the record of this case and the manner in which appellant formulated her motions.
Pursuant to Minn.Stat. § 299C.11 (1980)[2] and the inherent power of the court, appellant moved the court for an order encompassing the following:[3]
*364 1. "Requiring" the count attorney's office, police department, Minnesota State Bureau of Criminal Apprehension (BCA), clerk of the district court, clerk of the county court, and the county sheriff's office to "return to the defendant all finger and thumb prints, photographs and other identification data, and all copies and duplicates thereof, and that they shall not disclose to anyone the fact that the defendant had been arrested and charged."
2. "Requiring" the county attorney's office, police department, BCA, clerk of the district court, clerk of the county court, and the county sheriff's office "not to disclose to anyone the fact that the defendant had been arrested, charged or brought to trial."
3. "Requiring that all recordation relating to the arrest, complaint, indictment, trial, acquittal and discharge of the defendant be expunged from all official records" of the city, county, state "and all other government agencies."
4. "Requiring" the clerks of the district court and county court to "seal said files relating to the complaint and indictment against the defendant herein, and not to disclose or reveal the contents hereof without Order of the Court, that said Clerk shall remove from all index books open to public examination the caption of this case and the name of the defendant as it relates to this case and the complaint and indictment herein."
5. "Requiring" the county sheriff's office and the BCA to request the Federal Bureau of Investigation, the police department, sheriff, and bureau of investigation of another state "to return all of the defendant's records transmitted to them in connection with this case, including finger and thumb prints, handwriting exemplars, photographs and other identification data, and all copies and duplicates thereof; and upon receipt thereof," the county sheriff's office and the BCA "shall return all such data to the defendant."
6. "Requiring that the defendant hereafter shall not be held under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of her failure to recite or acknowledge her arrest, complaint, indictment, or trial relating to this case in response to any inquiry made of her for any purpose, and the effect of this Order shall be to restore to the defendant, in the contemplation of the law, to the status she occupied before her arrest, complaint, and indictment herein."
7. "Prohibiting the transcription of dissemination to any person of (a) any of the testimony offered at the trial of this case or at pre-trial proceedings, (b) all exhibits offered or received in evidence in all proceedings, and (c) the identity of all witnesses who testified at all proceedings herein."
The trial court granted only part of appellant's first request above, ordering that all finger and thumb prints, photographs, other identification data and any copies be returned to her.[4] The trial court was correct that section 299C.11 by its terms required the return to the appellant of the enumerated material.
Furthermore, the trial court was correct in its denial of the major portions of appellant's motion. Appellant has not argued before this court, nor did she substantiate before the court below, that the retention of her criminal records resulted in a serious infringement of her constitutional rights, which would justify remedial orders by the court. In re R.L.F., 256 N.W.2d 803, 808 (Minn.1977). Appellant's motion also cannot be granted pursuant to the inherent authority of the courts to grant relief when necessary to the performance of their unique judicial function, which includes their authority to control court records and agents of the court to reduce unfairness to individuals, for the same reasons given in State v. C. A., 304 N.W.2d 353 (Minn. 1981). Even if she could show that such action by the court was necessary, the orders could not be granted as appellant has *365 formulated them because they do not identify with specificity the documents and individuals to be the subjects of the order.
The trial court is affirmed, without prejudice to appellant's seeking further relief in accordance with our opinion here and in State v. C. A., 304 N.W.2d 353 (Minn. 1981).
NOTES
[1] We grant this appellant's request that only her initials be used in this opinion because of the nature of the issues involved in this case.
[2] Minn.Stat. § 299C.11 (1980) reads:

The sheriff of each county and the chief of police of each city of the first, second, and third classes shall furnish the bureau, upon such form as the superintendent shall prescribe, with such finger and thumb prints, photographs, and other identification data as may be requested or required by the superintendent of the bureau, which may be taken under the provisions of section 299C.10, of persons who shall be convicted of a felony, gross misdemeanor, or who shall be found to have been convicted of a felony or gross misdemeanor, within ten years next preceding their arrest. Upon the determination of all pending criminal actions or proceedings in favor of the arrested person, he shall, upon demand, have all such finger and thumb prints, photographs, and other identification data, and all copies and duplicates thereof, returned to him, provided it is not established that he has been convicted of any felony, either within or without the state, within the period of ten years immediately preceding such determination.
[3] We have deleted appellant's references to specific counties and cities and other details. We have preserved the language and form of her motions.
[4] Since the trial court's order granted expungement of all copies of these items, without restriction to location, it covered appellant's first and fifth request listed above. At oral argument the parties indicated that the request to the FBI had been made.