359 N.W.2d 305 (1984)
STATE of Minnesota, Respondent,
v.
L.K., Petitioner, Appellant.
No. C6-84-965.
Court of Appeals of Minnesota.
December 18, 1984.
*306 Hubert H. Humphrey, III, Atty. Gen., Robert J. Alfton, Asst. Hennepin County Atty., Minneapolis, for respondent.
Linda P. Aaker, University Student Legal Svc., Minneapolis, for appellant.
Heard, considered and decided by SEDGWICK, P.J., and LANSING and FORSBERG, JJ.

OPINION
LANSING, Judge.
This is an appeal from an order denying the appellant's motion to expunge court and law enforcement records collected and maintained in conjunction with appellant's arrest. We affirm in part, reverse in part, and remand.

FACTS
Appellant was arrested on May 4, 1981, and charged with disorderly conduct, a misdemeanor. With the knowledge and consent of appellant and his attorney, the prosecution *307 moved to continue the charge for one year without a plea on the condition that appellant maintain a record free of similar offenses during that time. The court granted the prosecution's motion, and after one year had passed, the charge against appellant was dismissed.
On April 18, 1984, appellant moved the court for an order of expungement. The court denied appellant's motion, finding that the dismissal was not grounds for expungement under the statutory authority of Minn.Stat. § 299C.11 (1982). The court also refused to exercise its inherent power to expunge court-related records, finding that appellant's motion did not specify with sufficient particularity which documents he wished to have expunged. This appeal followed.

ISSUES
1. Was the dismissal of a misdemeanor charge against appellant a determination "in favor of the arrested person," requiring expungement under Minn.Stat. § 299C.11?
2. Which records and data are required to be expunged under the provisions of Minn.Stat. § 299C.11?
3. Did the trial court erroneously decline to exercise its inherent authority to expunge additional records and data relating to appellant's arrest?

ANALYSIS

I
Minn.Stat. § 299C.11 provides:
The sheriff of each county and the chief of police of each city * * * shall furnish the [Bureau of Criminal Apprehension] * * * with such finger and thumb prints, photographs, and other identification data as may be requested or required by the superintendent of the bureau, which may be taken under the provisions of section 299C.10, of persons who shall be convicted of a felony, gross misdemeanor, or who shall be found to have been convicted of a felony or gross misdemeanor, within ten years next preceding their arrest. Upon the determination of all pending criminal actions or proceedings in favor of the arrested person, he shall, upon demand, have all such finger and thumb prints, photographs, and other identification data, and all copies and duplicates thereof, returned to him, provided it is not established that he has been convicted of any felony, either within or without the state, within the period of ten years immediately preceding such determination.
(Emphasis supplied). Although Minn.Stat. § 299C.11 on its face concerns only the expungement of records of persons who have been charged with felonies or gross misdemeanors, our supreme court has also "assum[ed] the applicability of Minn.St. 299C.11 to misdemeanants." City of St. Paul v. Froysland, 310 Minn. 268, 275, 246 N.W.2d 435, 439 (1976). The trial court found that dismissal of the charge against appellant was not a "determination * * * in favor of the arrested person" within the meaning of the above statute; however, we disagree.
In Froysland the defendant had entered a plea of guilty to the misdemeanor offense of disorderly conduct. Sentence was imposed but was stayed for six months. After six months, the plea of guilty was stricken, the conviction was vacated, and the charge was dismissed. When the defendant moved to expunge the records of the charge, however, her motion was denied, and that denial was affirmed on appeal. The supreme court noted that a dismissal of charges after a guilty plea has been entered is quite different from situations where, for example, charges have never been prosecuted. The Froysland court reasoned:
The assumption of a defendant's innocence, which would ordinarily be concluded from acquittal or dismissal of charges, does not result when, as in the case at bar, the guilt of a crime is admitted.
Id. at 275, 246 N.W.2d at 439.
In the present situation appellant did not enter a plea or otherwise admit guilt, and the charge against him was never prosecuted. *308 Under the reasoning of Froysland, his innocence of the charge must continue to be assumed, and the court's dismissal of the charge constitutes a determination in his favor.
State v. C.A., 304 N.W.2d 353 (Minn. 1981), also indicates that appellant's expungement request should have been granted. In C.A. the defendant was convicted of a gross misdemeanor. The conviction was later set aside pursuant to a stipulation, and his case was remanded for a new trial. He was never retried, and the charges against him were dropped. In a footnote the court indicated that this constituted a determination in his favor, for purposes of Minn.Stat. § 299C.11. Id. at 357 n. 3. Because appellant was never tried and the charges against him were dropped, we find that there was a determination in his favor for expungement purposes.
Minn.Stat. § 299C.11 provides that upon a determination in favor of an accused, he "shall" be entitled to expungement. The term "shall" is mandatory. Minn.Stat. § 645.44, subd. 16 (1982). The trial court therefore erred by denying the expungement relief authorized by statute.

II
In his motion appellant requested expungement of numerous documents, records, and identification data relating to his arrest. Although we find that Minn. Stat. § 299C.11 does authorize expungement in this situation, its provisions are limited and do not authorize all the relief appellant has requested.
The specific language of § 299C.11 allows the expungement of finger and thumb prints, photographs, and other identification data. In addition, the Minnesota Supreme Court has held that the statute implicitly includes "arrest records." See State v. C.A., 304 N.W.2d at 359; In re R.L.F., 256 N.W.2d 803, 805 (Minn.1977). The statute does not apply to "all records relating to arrest," State v. C.A., 304 N.W.2d at 359 (quoting Froysland, 310 Minn. at 275 n. 5, 246 N.W.2d at 439 n. 5) (emphasis in original); however, the court refused to supply a working definition of that term, noting only that "some guidance" may be found in the definition of "arrest information" in Minn.Stat. § 15.162, subd. 1a (1980) (since repealed). Id. at 360.
The expungement provisions are applicable to the BCA and to "all entities which gather this information for the BCA." Id. at 359; In re R.L.F., 256 N.W.2d at 805. A court also has authority under § 299C.11 to order persons responsible for reporting to the BCA not to disclose information relating to an arrest, charge, trial, incarceration or release. State v. C.A., 304 N.W.2d at 361. Included are members of a police department, sheriff's office, correctional facility, and board of corrections. Id. However, the court cautioned:
We emphasize that personnel in these departments and agencies who have knowledge of these facts, but who are not personally required to report them to the BCA, may not be the subjects of court orders not to disclose as contemplated here.
Id. A court may also order the FBI to return fingerprints, photographs, and other identification data. Id.
In light of the above, we find that Minn.Stat. § 299C.11 requires expungement of all fingerprints, photographs, and other identification data, along with any portions of criminal history reports which list the arrest of appellant, so that his criminal history report may remain clear. Departments and persons subject to the expungement order include the Federal Bureau of Investigation; John Erskine, superintendent of the Bureau of Criminal Apprehension, Donald Omodt, sheriff for Hennepin County; Anthony Bouza, chief of the Minneapolis Police Department; and Katherine Van De Steeg, director of the Hennepin County Probation Department. Police reports are not subject to expungement under the statute since they merely summarize the facts surrounding an event and constitute a necessary log of police activity. *309 In addition, records existing on audio tape are not within the intended scope of the statute. Other requests by appellant for expungement of "all records in connection with the case" or similarly phrased requests are overly broad and are not encompassed by Minn.Stat. § 299C.11. We remand to the trial court for an order consistent with this opinion.

III
In addition to the authority to expunge which is provided by statute, the Minnesota Supreme Court in C.A. held that the inherent authority of the judiciary to control its records and agents extends under appropriate circumstances to the issuance of expungement orders. The court explained:
"Inherent judicial power governs that which is essential to the existence, dignity, and function of a court because it is a court." [In re Clerk of Lyon County Courts' Compensation,] 308 Minn. at 176, 241 N.W.2d at 784. Part of that function is to control court records and agents of the court in order to reduce or eliminate unfairness to individuals, even though the unfairness is not of such intensity as to give a constitutional dimension.
C.A., 304 N.W.2d at 358.
The trial court in the present case refused to exercise this inherent authority on the ground that the relief requested by appellant lacked sufficient specificity. In State v. C.A. the court said that items and persons must be identified in detail:
A major flaw pervading appellant's motions is the failure to identify with specificity the documents and individuals he wishes to be subject to court order. The petition for relief should specify by name the person to be served with the court order. Records and documents to be expunged or controlled should be described specifically by location, file number, book and page number, or similar description.
304 N.W.2d at 360 (emphasis in original). In State v. M.C., 304 N.W.2d 362 (Minn. 1981), the court reaffirmed this need for specificity:
Even if she could show that such [expungement] by the court was necessary, the orders could not be granted as appellant has formulated them because they do not identify with specificity the documents and individuals to be the subjects of the order.
Id. at 364-65. Appellant's requests in the present case are no more specific than those of C.A. and M.C., and we cannot find the court's refusal to expunge on this basis clearly erroneous.
We note that appellant also asks for an order providing that he "shall not be held hereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failure to recite or acknowledge such arrest, complaint, indictment or information, trial, arraignment, continuance and dismissal." A similar request was considered and rejected as premature in the absence of any likelihood of prosecution for perjury in State v. C.A., 304 N.W.2d at 362.

DECISION
Although the trial court properly denied appellant's motion to expunge certain records and documents based upon its inherent authority, expungement of other data is required by Minn.Stat. § 299C.11. We therefore affirm in part, reverse in part, and remand for an order consistent with this opinion.
Affirmed in part, reversed in part, and remanded.