436 N.W.2d 808 (1989)
STATE of Minnesota, Respondent,
v.
P.A.D., Appellant.
No. C5-88-1792.
Court of Appeals of Minnesota.
March 14, 1989.
Review Denied March 12, 1989.
*809 Peter A. Cahill, Colich & Cahill, Minneapolis, for respondent.
Douglas H. Olson, William J. Mauzy, P.A., Minneapolis, for appellant.
Heard, considered and decided by NIERENGARTEN, P.J., and NORTON and KALITOWSKI, JJ.

OPINION
NIERENGARTEN, Judge.
This is an appeal from an order denying the appellant's motion to expunge court and law enforcement records collected and maintained in conjunction with appellant's arrest. We reverse and remand for further consideration.

FACTS
P.A.D. (appellant) entered a guilty plea to a misdemeanor charge of prostitution in 1978. The court stayed the imposition of her sentence pursuant to Minn.Stat. § 609.135 (1978), and her conviction was dismissed and vacated in May 1979. In July 1988, P.A.D. moved the trial court for an order for expungement of her criminal record. The grounds for the motion were: (1) P.A.D. has not been arrested since the 1978 incident; (2) P.A.D. has made significant career advances, has substantially completed course work for two degrees at the University of Minnesota, and now works as the program director for a local corporation; (3) P.A.D.'s 1978 conviction resulted from the desperate situation in which she found herself after leaving a physically abusive marriage; and (4) P.A. D. may be in jeopardy of losing the position she now holds because she has been asked to sign a Bureau of Criminal Apprehension (BCA) clearance form by her employers.
The trial court ruled that it could not grant P.A.D.'s motion absent a showing that her constitutional rights are infringed by the retention of her arrest records. This appeal follows.

ISSUES
1. Did the trial court err by ruling that it could not grant appellant's motion absent a showing of serious infringement of her constitutional rights?
2. What records and materials may the trial court order expunged?

ANALYSIS

I.
In its conclusions of law, the trial court found: (1) P.A.D.'s plea of guilty to the *810 charge precludes relief under Minn.Stat. § 299C.11 (1988) which requires the return of various materials to an arrested person upon demand provided the proceedings are determined in the arrested person's favor[1]; (2) P.A.D. failed to show that denying her motion would result in serious infringement of her constitutional rights; and (3) therefore, the court lacked authority to order expungement. P.A.D. also concedes that she is not entitled to expungement of her criminal record under Minn.Stat. § 299C.11 (1988) nor on the basis that her constitutional rights are seriously infringed by the retention of her criminal record.
Both parties agree, however, that the trial judge did not address a third basis for expungement: the "inherent power enabling courts to grant relief when it is necessary to the performance of their unique judicial functions." State v. C.A., 304 N.W.2d 353, 358 (Minn.1981). The supreme court has explained that "[w]here denial of a constitutional right is not involved the court must decide whether expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden of the court in issuing, enforcing and monitoring an expungement order." Id. Because the trial judge has not yet made that determination, this case is remanded for further proceedings.

II.
The parties disagree about which records and materials the trial court may order expunged. In the interest of judicial economy and to clarify the relief available to petitioners requesting expungement, we now address this issue. First, it is important to remember that any expungement not required by statute or by the state and federal constitutions is within the inherent authority and discretion of the trial court. See State v. C.A., 304 N.W.2d at 358. Second, although courts are empowered to order expungement, they "must proceed cautiously in exercising that authority in order to respect the equally unique authority of the executive and legislative branches of government." Id. at 359; State v. Osterloh, 275 N.W.2d 578, 580 (Minn.1978).
This does not mean, however, that trial courts are precluded from ordering that records and materials controlled by the other two branches of government be returned or sealed, if doing so is necessary or conducive to fashioning a meaningful remedy. See C.A., 304 N.W.2d at 359-60; State v. L.K., 359 N.W.2d 305, 308 (Minn.Ct.App. 1984). Trial courts, proceeding with appropriate caution and deference to the legislative and executive branches, may issue an order that effectively protects the petitioner from the consequences of the release of information pertaining to the petitioner's arrest, prosecution, incarceration, or release. See State v. L.K., 359 N.W.2d at 308.
P.A.D. is mainly concerned that the BCA not release any information pertaining to her arrest or to any subsequent court proceedings. The supreme court has said that all "arrest records" classified as available to the public may be expunged. See State v. R.L.F., 256 N.W.2d 803, 805 (Minn.1977). The state argues that because the BCA records are within the control of the executive branch, the trial judge lacks authority to order the expungement of this material. We disagree.
In State v. L.K., this court concluded that "[t]he expungement provisions are applicable to the BCA and to `all entities which gather this information for the BCA.'" 359 N.W.2d at 308 (quoting State v. C.A., 304 N.W.2d at 359); see also R.L.F., 256 N.W.2d at 805. The court, to fashion a meaningful remedy for P.A.D., is *811 empowered to order the expungement of all records held by the BCA which are now available to the public.
The power of expungement extends also to "all fingerprints, photographs, and other identification data, along with any portions of criminal history reports which list the arrest of [the petitioner]." L.K., 359 N.W.2d at 308. The request must specify the names of the officers in the respective departments or agencies, and also the material which is to be returned or sealed. C.A., 304 N.W.2d at 360; L.K., 359 N.W.2d at 308.
In addition, the court has the power to order the sheriff to request from federal or state law enforcement agencies the return of fingerprints, photographs or other identification data which might have been sent. C.A., 304 N.W.2d at 361. The court may also order that the clerk of court seal the district court file, that the clerk and all the clerk's agents refrain from disclosing or revealing the contents of the file without court order, and that the clerk remove from all index books open to public examination the caption of the case and the name of the defendant. Id. at 356, 361. It logically follows that the court could order the removal of computer and microfiche entries naming the case or the defendant. The court also may order that the dissemination of transcripts be curtailed. See id. at 362. Though the trial court has not yet granted any of these requests, we find that they are consistent with the guidelines established by the supreme court.

DECISION
The trial court erred by ruling that it lacked authority to grant P.A.D.'s motion for expungement. The court may, in its discretion, order the expungement of all publicly classified information pertaining to P.A.D.'s arrest and prosecution, including all relevant reports and materials in the possession of the BCA.
REVERSED AND REMANDED.
NOTES
[1] The statute reads in relevant part:

Upon the determination of all pending criminal actions or proceedings in favor of the arrested person, the arrested person shall, upon demand, have all such finger and thumb prints, photographs, and other identification data, and all copies and duplicates thereof, returned, provided it is not established that the arrested person has been convicted of any felony, either within or without the state, within the period of ten years immediately preceding such determination.
Minn.Stat. § 299C.11 (1988).