STATE of Minnesota, Respondent,

v.

M.B.M., Appellant.

No. C7–93–2487.

Court of Appeals of Minnesota.

July 5, 1994.

William R. Kennedy, Hennepin County Public Defender, Peter W. Gorman, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey F. Lebowski, Asst. Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., Donna J. Wolfson and Paul R. Scoggin, Asst. County Attys., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and PETERSON and SCHULTZ *, JJ.

## OPINION

CRIPPEN, Judge.

Upon appellant M.B.M.'s motion for expungement, the trial court determined that she was not entitled to relief under Minn. Stat. § 299C.11 (1992). Under Minn.Stat. § 152.18 (1992), the trial court elected to seal (not return) the county sheriff's records and granted no relief for city police records. Appellant contends that under both statutes she is entitled to the return of her records from the police and sheriff's departments.

## FACTS

In June 1990, M.B.M. pleaded guilty to attempted fifth-degree controlled substance possession. She successfully completed the requirements of a deferred sentence under Minn.Stat. § 152.18 (1990) so that the guilty plea was vacated and the complaint dismissed.

In 1993, the trial court determined that appellant was not entitled to expungement relief under Minn.Stat. § 299C.11 because the section specifically excluded proceedings under Minn.Stat. § 152.18 as determinations in favor of the accused. Deciding that appellant was entitled to relief under Minn.Stat. § 152.18, subd. 2 (1992), the court ordered the Hennepin County Sheriff to seal, not return, appellant's records, and provided no relief for the Minneapolis police department records.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUES

1. Did the trial court err in denying expungement relief under Minn.Stat. § 299C.11 (1992)?

2. What is the scope of expungement relief under Minn.Stat. § 152.18 (1992)?

## ANALYSIS

■ Statutory construction is a question of law and thus is fully reviewable. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). "The fundamental aim of an appellate court construing a statute is to ascertain and give effect to legislative intent." *London Constr. Co. v. Roseville Townhomes*, 473 N.W.2d 917, 919 (Minn.App.1991). "Thus, when the words of the statute are clear, the court must give effect to the statute's plain meaning." *Id.*

### I. Expungement in General

■ Expungement is an extraordinary form of relief. *Barlow v. Commissioner of Pub. Safety*, 365 N.W.2d 232, 233 (Minn.1985) (rescission of revocation of driving privileges in implied consent context does not include expungement). When the legislature intends to provide expungement relief, it is "quite specific in saying so." *Id.*

■ Expungement means to "erase all evidence of the event as if it never occurred," and this means either by (1) destroying the evidence, (2) sealing up the evidence, or (3) returning the evidence. *Barlow*, 365 N.W.2d at 233; *State v. C.A.*, 304 N.W.2d 353, 357 (Minn.1981). The trial court has statutory and inherent powers to grant expungement relief. *C.A.*, 304 N.W.2d at 357. Appellant makes her claim as one of statutory entitle-

ment under Minn.Stat. § 152.18, subd. 2 and Minn.Stat. § 299C.11.

### II. Section 299C.11

■ Minn.Stat. § 299C.11 provides for the return of certain identification data "[u]pon the determination of all pending criminal actions or proceedings in favor of the arrested person." It provides for the return of identification data, and arrest records are implicitly included.[1] *In re R.L.F.*, 256 N.W.2d 803, 805 (Minn.1977); *State v. L.K.*, 359 N.W.2d 305, 308 (Minn.App.1984). Though chapter 299C is devoted to the Bureau of Criminal Apprehension, Minn.Stat. § 299C.11 authorizes the court to order relief from the BCA, the sheriff, the police, the probation department, the clerk of the district court, and the county attorney's office. *See State v. M.C.*, 304 N.W.2d 362, 364 (Minn.1981); *L.K.*, 359 N.W.2d at 308.

■ Appellant contends that there was no adjudication of her guilt, thus the action under Minn.Stat. § 152.18 was a determination in the arrested person's favor under Minn. Stat. § 299C.11. But the 1992 amendment to Minn.Stat. § 299C.11 provided that " 'determination of all pending criminal actions or proceedings in favor the arrested person' does not include the sealing of a record pursuant to section 152.18, subdivision 1."

Appellant argues that the 1992 amendment was ineffective because it refers to "sealing," and the words "seal" or "sealing" do not appear in Minn.Stat. § 152.18. But she does not distinguish the method of sealing records from the mechanism described in Minn.Stat. § 152.18, subd. 1, whereby a not public record is retained by the department of public safety and may be opened only on court order for use in subsequent proceedings.[2]

---

1. But Minn.Stat. § 299C.11 does not apply to all records relating to arrest. *C.A.*, 304 N.W.2d at 359. The *C.A.* court found guidance for the scope of Minn.Stat. § 299C.11 in the Minnesota Government Practices Act's definition of "arrest information." *See* Minn.Stat. § 15.162, subd. 1a (1980). Though Minn.Stat. § 15.162, subd. 1a was repealed in 1981, the renumbered Government Data Practices Act defines "arrest data" as any data created or collected by law enforcement agencies "which documents any actions taken by them to cite, arrest, incarcerate or otherwise substantially deprive an adult individual of liber-

ty." Minn.Stat. § 13.82, subd. 2 (1992). Police reports and records on audio tape are not subject to expungement under Minn.Stat. § 299C.11. *State v. L.K.*, 359 N.W.2d 305, 308–09 (Minn. App.1984).

2. Compare the wording of Minn.Stat. § 299C.11 to that of Minn.Stat. § 242.31, subd. 3 (1992) (restoration of civil rights to juvenile offenders): "the court shall order the conviction set aside and all records pertinent to the conviction sealed. These records shall only be reopened in the case of a judicial criminal proceeding insti-

Appellant is not entitled to relief under Minn.Stat. § 299C.11 because she did not have a determination of all criminal actions or proceedings in her favor. The dismissal of the complaint after she had originally pleaded guilty was "in the nature of a pardon, not a declaration of innocence." *City of St. Paul v. Froysland,* 310 Minn. 268, 246 N.W.2d 435, 438 (1976) (holding that a dismissal of charges after a stay of imposition of sentence is not a determination in favor of accused); *see also C.A.,* 304 N.W.2d at 357 n. 3 (charges dismissed after first conviction set aside was a determination in favor of accused); *R.L.F.,* 256 N.W.2d at 805–806 (pretrial dismissal of charges after successful motion to suppress evidence was determination in favor of accused).

### III. Section 152.18

The trial court determined that appellant was entitled to limited relief under Minn. Stat. § 152.18, subd. 2, which provides for "an order to expunge from all official records * * * all recordation relating to arrest, indictment or information, trial and dismissal and discharge pursuant to subdivision 1." Appellant argues that denying the return of records from both the sheriff's department and the police constitutes a sub silentio repeal of Minn.Stat. § 152.18, subd. 2.

▇▇ Because Minn.Stat. § 299C.11 specifies a particular type of relief does not necessarily mean that Minn.Stat. § 152.18 cannot provide for the same relief. *See R.L.F.,* 256 N.W.2d at 805 ("legislative thrust" of 152.18 supports 299C.11). The state insists that because M.B.M. pleaded guilty, she is entitled to less relief than those who had determinations in their favor under Minn.Stat. § 299C.11. But the policy underlying Minn. Stat. § 152.18 is to give those found guilty of relatively minor offenses involving possession of controlled substances a "second chance." *Bourbon Bar & Cafe Corp. v. City of St. Paul,* 466 N.W.2d 438, 440 (Minn.App.1991). Thus, Minn.Stat. § 152.18 should not be construed narrowly. *See State v. Ender,* 467 N.W.2d 39, 41 (Minn.App.1991).

Both Minn.Stat. § 299C.11 and Minn.Stat. § 152.18 involve arrest records. *See* Minn. Stat. § 152.18, subd. 2 (recordation relating to arrest); *L.K.,* 359 N.W.2d at 308 (299C.11 implicitly includes arrest records). The critical difference is that Minn.Stat. § 299C.11 mandates return of records, while Minn.Stat. § 152.18 mandates expungement generally, so that any of the three forms of expungement (seal, destroy, return) are acceptable.

The pertinent language on expungement in Minn.Stat. § 152.18 has not been amended since the supreme court announced its understanding of the three methods of expungement in 1981 in *C.A.,* 304 N.W.2d at 357–58. *See* Minn.Stat. § 645.17(4) (1992) (when court of last resort has construed language of law, legislature intends same construction in subsequent legislation); *In re Trusteeship under Will of Jones,* 202 Minn. 187, 198, 277 N.W. 899, 905 (1938) (reenactment of statute after construction by courts is adoption of the construction). If the legislature wanted to limit the form of expungement, it could have done so as it did in Minn.Stat. § 299C.11.

▇▇ Sealing of court records is preferable to destruction because a sealed file may be reopened by court order upon a showing of good cause. *C.A.,* 304 N.W.2d at 361. In exercising its choice under Minn. Stat. § 152.18, the court must decide whether the type of expungement will yield a benefit to the individual equal to the disadvantages to the public and the burden of issuing, enforcing and monitoring an expungement order. *See id.* at 358 (explaining test applied to expungement decisions under inherent authority of the court where denial of a constitutional right is not involved).

▇▇ The trial court's decision is reviewed under an abuse of discretion standard. *See Ender,* 467 N.W.2d at 42 (need for discretion in fashioning sentence that best serves the individual and society). In this case, there is no evidence that the trial court exercised its discretion in choosing among the forms of expungement available under section 152.18.

tuted at a later date." There is no discernible difference in the procedures contemplated by the

two statutes.

The decision not to provide relief from police records was an abuse of discretion.

### DECISION

The trial court properly determined that M.B.M. was not entitled to relief under Minn. Stat. § 299C.11. We reverse and remand to allow the trial court an opportunity to exercise its discretion as to the choice of expungement method under Minn.Stat. § 152.-18. Absent a rationale to permit a distinction, relief from the sheriff and police departments should be identical.

**Affirmed in part, reversed and remanded in part.**