STATE of Minnesota, Respondent,

v.

**T.M.B., Appellant.**

No. C0–98–1703.

Court of Appeals of Minnesota.

March 23, 1999.

Michael A. Hatch, Attorney General, St. Paul, MN; and Roger S. Van Heel, Stearns County Attorney, Mary Yunker, Assistant County Attorney, St. Cloud, MN (for respondent)

Jerod H. Peterson, Minneapolis, MN (for appellant)

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and FOLEY, Judge.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

## OPINION

DANIEL F. FOLEY, Judge.*

T.M.B. appeals from a district court order denying his petition for expungement of criminal records maintained by executive branch agencies. In denying T.M.B.'s petition, the district court reasoned that the expungement of executive records was outside the judiciary's inherent authority to grant relief when necessary to the performance of its unique judicial function. We affirm.

## FACTS

In May 1991, T.M.B. pleaded guilty to one count of felony theft. The district court stayed imposition of sentence and placed T.M.B. on probation for up to five years. In February 1994, the court discharged T.M.B. from probation and his conviction was reduced to a misdemeanor by operation of law.

Meanwhile, T.M.B. obtained a teaching license. Because of his conviction, however, he was unable to gain full-time employment as a teacher despite being well regarded in his field. In February 1998, therefore, T.M.B. petitioned to have the records of his arrest and conviction expunged. Specifically, T.M.B. sought the expungement of records held by the Stearns County Attorney, the St. Cloud City Attorney, the attorney general, the district court administrator, the Stearns County Sheriff, the St. Cloud Police Chief, the Superintendent of the Bureau of Criminal Apprehension, and the Director of the Stearns County Community Corrections Department.

In August 1998, after conducting a hearing pursuant to Minn.Stat. § 609A.03, subd. 4 (1998), the district court issued an order for expungement of judicial records related to T.M.B.'s arrest and conviction. It refused, however, to order the expungement of records held by agents of the executive branch, reasoning that the expungement of those records was outside the scope of the judiciary's inherent authority to grant relief when necessary to the performance of its unique judicial function.

art. VI, § 10.

On appeal from that portion of the district court order denying his request for relief, T.M.B. does not claim that he is entitled to expungement of his criminal records under either Minn.Stat. § 299C.11 (1998), which authorizes expungement in cases where criminal charges have been resolved in favor of the accused, or Minn.Stat. § 609A.02 (1998), which sets forth other specific grounds for expungement of criminal records. Nor does he allege that the retention of his records violates his constitutional rights. Instead, T.M.B. claims that he is entitled to expungement under the district court's inherent authority to grant relief when necessary to the performance of its unique judicial function.

## ISSUE

May the judiciary order the expungement of executive branch records pursuant to its inherent authority, absent evidence of an injustice resulting from an abuse of discretion in the performance of an executive function?

## ANALYSIS

This appeal raises only a question of law, which this court reviews de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

Under Minnesota law, a court has inherent authority to grant relief when necessary to the performance of its unique judicial function. *State v. C.A.*, 304 N.W.2d 353, 358 (Minn.1981). This inherent authority extends only to "that which is essential to the existence, dignity, and function of a court because it is a court." *In re Clerk of Lyon County Courts' Compensation*, 308 Minn. 172, 176, 241 N.W.2d 781, 784 (1976). The fundamental functions of a court are to administer justice and protect the rights guaranteed by the constitution. *In re Petition for Integration of the Bar of Minnesota*, 216 Minn. 195, 199, 12 N.W.2d 515, 518 (1943).

The source of the judiciary's inherent authority is the separation of powers doctrine and the concomitant need for judicial self-preservation. *Clerk of Lyon County*, 308 Minn. at 176–77, 241 N.W.2d at 784. By means of its inherent authority, the judiciary is able to protect against legislative and executive actions that could unreasonably curtail its powers, impair its efficiency, or otherwise

preclude it from accomplishing the purpose for which it was created. *Id.* at 177, 241 N.W.2d at 784. Although essential to a strong and independent judiciary, this inherent authority may not be used to extend the jurisdiction of the courts. *See State v. Osterloh*, 275 N.W.2d 578, 580 (Minn.1978) (trial court had no inherent authority to compel county to pay for criminal offender's rehabilitative treatment during probation); *Clerk of Lyon County*, 308 Minn. at 182, 241 N.W.2d at 787 (action of district court judges in setting clerk's salary not proper exercise of inherent authority).

Under appropriate circumstances, the courts may exercise their inherent authority to issue expungement orders affecting court records. *C.A.*, 304 N.W.2d at 358. The issuance of expungement orders pursuant to the courts' inherent authority is appropriate when "the relief requested by the * * * aggrieved party is necessary to the performance of the judicial function as contemplated in our state constitution." *Clerk of Lyon County*, 308 Minn. at 181, 241 N.W.2d at 786. Because the courts' inherent authority is limited to judicial functions, courts must proceed cautiously when ordering expungement "in order to respect the equally unique authority of the executive and legislative branches of government over their constitutionally authorized functions." *C.A.*, 304 N.W.2d at 358–59. In effect, courts must tailor the exercise of their inherent powers to accommodate legislative mandates regarding access to governmental records and to avoid encroaching on executive functions. *See Barlow v. Commissioner of Pub. Safety*, 365 N.W.2d 232, 234 (Minn.1985) (trial court lacked inherent authority to order expungement of license revocation records held by Commissioner of Public Safety, where statute required commissioner to maintain records for at least five years); *C.A.*, 304 N.W.2d at 361–62 (it is beyond court's inherent power to regulate court records to command executive officials at state security hospital and state correctional facility not to disclose information).

Consistently with these well-established principles, the supreme court has held that the district court lacked inherent authority to

order the expungement of arrest and investigative records held by a city police department. *In re Access to Law Enforcement Records Relating to the Arrest of Peter Daniel Quinn*, 517 N.W.2d 895, 900 (Minn.1994). The court reasoned that the records were held by executive officers over whom the judiciary had no direct control and were presumed to be public under the Minnesota Government Data Practices Act. *Id.* at 899–900 (citing Minn.Stat. § 13.01, .03, .82 (1992)).

■ Relying on *Quinn*, the district court in this case held that the expungement of criminal records maintained by law enforcement agents was outside the scope of its inherent authority. T.M.B. claims that the district court misinterpreted *Quinn*. *Quinn* involved investigative and arrest records that were never used in a judicial proceeding because the county attorney chose not to prosecute. According to T.M.B., *Quinn* does not preclude the expungement of executive records that have been used in a judicial proceeding. In T.M.B.'s view, those records become court records and, as such, are subject to expungement pursuant to the judiciary's inherent authority to control its own records. We disagree.

■ Under established separation of powers principles, one branch of government may not intrude upon the unique constitutional functions of another branch except under limited circumstances. *See, e.g., State v. Foss*, 556 N.W.2d 540, 541 (Minn.1996) (judiciary may not interfere with prosecutor's exercise of discretion in performance of charging function absent clear abuse of discretion); *In re Office of Dist. Pub. Defender for the First Judicial Dist.*, 373 N.W.2d 772, 775–76 n. 1 (Minn.1985) (judges may not withdraw district from public defender system where legislature has expressed intent that participation in system be permanent). The function of preparing and maintaining criminal records is a unique constitutional function of the executive branch. *See, e.g.,* Minn.Stat. §§ 299C.06 (1998) (assigning executive officials duty to furnish information regarding crimes to bureau of criminal apprehension); 299C. 12 (1998) (requiring peace officers to maintain permanent written records of all felonies they discover or report). As a result, the judiciary may not intrude upon that function, even if the records are generated

for purposes of judicial proceedings and are eventually used in court. Contrary to T.M.B.'s argument, law enforcement records do not become court records subject to the judiciary's inherent authority simply because they are used in a judicial proceeding. *See, e.g., State v. Fish*, 265 N.W.2d 737, 739 (Iowa 1978) (arrest record "cannot by any stretch of the imagination be considered to be a 'record of any court proceedings,' and is obviously not under the control of the court.")

■ Judicial intrusions upon the constitutional functions of the other two branches are permissible only when "essential to the existence, dignity, and function of a court because it is a court." *Clerk of Lyon County*, 308 Minn. at 176, 241 N.W.2d at 784. The expungement of a petitioner's criminal records is not essential to the existence, dignity, or function of a court. *Cf. C.A.*, 304 N.W.2d at 358 (authority to control court records and agents of court essential to function of court); *Petition for Integration of Bar*, 216 Minn. at 199–200, 12 N.W.2d at 518 (authority to promulgate and enforce rules governing admission, supervision, and discipline of attorneys essential for court to function effectively); *see also O'Coin's, Inc. v. Treasurer of Worcester County*, 362 Mass. 507, 287 N.E.2d 608, 612 (1972) (authority to allocate public funds to protect court from impairment resulting from inadequate facilities or lack of supplies or support personnel essential to existence of court). Expungement becomes essential to the performance of the courts' fundamental function of protecting legal rights only when a petitioner's rights have been violated. Thus, absent evidence that executive agents abused their discretion in the performance of a governmental function, the judiciary may not interfere with the executive's record-keeping function by ordering the expungement of its records. *See State v. Cash*, 558 N.W.2d 735, 735 (Minn.1997) (absent clear abuse of prosecutorial discretion, judiciary may not interfere with prosecutor's broad discretion in performance of charging function); *Foss*, 556 N.W.2d at 541 (same). T.M.B. does not allege that the executive officers whose records he seeks to expunge abused their discretion in the performance of their functions or otherwise violated his rights. The intrusion upon the constitutional functions of the executive branch that

T.M.B.'s expungement request would necessitate, therefore, is impermissible under the separation of powers doctrine.

Absent a need to vindicate a petitioner's legal rights or an action that threatens the strength and independence of the judiciary, the courts' "relative needs or * * * wants" are insufficient to justify judicial intrusions upon the functions of the other two branches of government. *Clerk of Lyon County,* 308 Minn. at 181, 241 N.W.2d at 786; *see Foss,* 556 N.W.2d at 541 ("mere disagreement" with prosecutor's exercise of discretion in charging function does not justify judicial stay of adjudication over prosecutor's objection); *Office of Dist. Pub. Defender,* 373 N.W.2d at 775–76 n. 1 (judges' wish to withdraw district from public defender system not enough to justify use of inherent judicial power). Thus, notwithstanding our decision in *State v. P.A.D.,* 436 N.W.2d 808, 810 (Minn.App.1989), *review denied* (Minn. Mar. 12, 1989),[1] we conclude that the judiciary lacks inherent authority to order the expungement of records maintained by another branch of government. Absent evidence of an injustice resulting from an abuse of discretion in the performance of a governmental function, the fashioning of meaningful remedies is not essential to the performance of the courts' unique judicial function. Rather, it is simply a "judicial want." The district court properly concluded, therefore, that it lacked inherent authority to order the expungement of criminal records maintained by law enforcement agencies. However desirable the grant of broad inherent authority to order expungement would be as a matter of policy, it is impermissible under the separation of powers doctrine.

## DECISION

The district court properly denied T.M.B.'s petition to expunge criminal records maintained by executive branch agencies.

**Affirmed.**

---

1. The *P.A.D.* court upheld the trial court's inherent authority to order the expungement of BCA records "if doing so [was] necessary or conducive to fashioning a meaningful remedy" for a petitioner.