**STATE of Minnesota, Respondent,**

v.

**Amannuel AMBAYE, Appellant.**

**No. C9–98–2221.**

Court of Appeals of Minnesota.

June 29, 1999.

Review Granted Sept. 14, 1999.

Mike Hatch, Attorney General, St. Paul; and Amy Klobuchar, Hennepin County At-

torney, Beverly J. Benson, Assistant County Attorney, Minneapolis; and Jay M. Heffern, Minneapolis City Attorney, John R. Manning, Assistant City Attorney, Minneapolis, for respondent.

Maureen Williams, Law Office of Maureen Williams, Minneapolis, for appellant.

Considered and decided by
KLAPHAKE, Presiding Judge,
CRIPPEN, Judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge.

This appeal is from an order denying a petition for expunction of records relating to appellant Amannuel Ambaye's 1974 prosecution for second-degree murder, which resulted in a verdict of not guilty by reason of insanity. We reverse and remand.

## FACTS

Appellant Amannuel Ambaye was indicted in 1973 for first-degree murder in the death of his roommate, a fellow Ethiopian immigrant, whose body was found in the apartment they shared. The jury found Ambaye not guilty by reason of insanity.

Following the verdict, Ambaye was civilly committed to the state security hospital at St. Peter on his own motion, which the state did not oppose. Ambaye stayed at the security hospital for more than six years and was released to a halfway house in Mankato. While in Mankato, Ambaye took graduate courses in sociology and received a master's degree.

In May 1998, Ambaye petitioned the district court to expunge the records of his 1974 prosecution. Ambaye maintained that he was terminated from two full-time positions because of his "criminal record." He submitted a copy of a letter from the Department of Human Services directing one employer to remove him from any position that allowed direct contact with clients. Ambaye also stated that he had been terminated from two part-time jobs

and had been denied an apartment because of his "criminal record."

Following a hearing at which the Hennepin County Attorney's Office opposed the petition, the district court issued an order denying the petition for expunction. The court concluded that Ambaye was not entitled to expunction under Minn.Stat. § 609A.02, which requires that the criminal proceedings for which expunction is sought were "resolved in favor of the [defendant]." The court concluded that the "defense of insanity by definition accepts that the actor committed the offense."

## ISSUE

Did the district court err in denying the petition for expunction?

## ANALYSIS

Ambaye argues that the district court erred in construing the expunction statute as requiring resolution of the criminal proceeding in a manner that is tantamount to an acquittal. He also contends that the court should have exercised its inherent, nonstatutory authority to expunge because the prejudice to him from the record outweighs the state's interest in maintaining the record.

■ A question of statutory construction presents a legal issue, which we review de novo. *See State v. Bunde,* 556 N.W.2d 917, 918 (Minn.App.1996).

The expunction statute provides:

A petition may be filed under section 609A.03 to seal all records relating to an arrest, indictment or information, trial or verdict if the records are not subject to section 299C.11, paragraph (b), and if all pending actions or proceedings *were resolved in favor of the petitioner*.

Minn.Stat. § 609A.02, subd. 3 (1996) (emphasis added). The district court concluded that the statute authorizes expunction only "where acquittal is the result of a finding of innocence." The court cited a Pennsylvania case to support its reasoning

that a verdict of not guilty by reason of insanity, because it recognizes that the defendant committed the act, is not a ground for expunction. *See Commonwealth v. W.P.*, 417 Pa.Super. 192, 612 A.2d 438, 439 n. 1 (1992).

But the Pennsylvania case on which the district court relied in part did not involve an expunction statute. *See id.* at 439–40 (describing expunction petition that cited equitable grounds rather than any statutory expunction provision). Rather, it addressed expunction as a judicial remedy determined under a balancing test, much like Minnesota's nonstatutory expunction by inherent judicial authority. *See id.* at 441 (listing factors in balancing test). We do not find *W.P.* to be persuasive authority because the Pennsylvania standard of "innocence" bears no relation to the Minnesota statutory requirement that the case merely be "resolved in favor of the petitioner."

Minnesota courts have granted expunction in several cases in which there was no "finding of innocence," as required here by the district court. *See State v. C.A.*, 304 N.W.2d 353, 357 n. 3 (Minn.1981) (holding that conviction remanded on appeal but not retried was resolved in defendant's favor, warranting expunction); *State v. L.K.*, 359 N.W.2d 305, 307–08 (Minn.App. 1984) (holding that dismissal after year-long continuance was determination warranting expunction).

■■■ A verdict of not guilty by reason of mental illness (or, formerly, not guilty by reason of insanity) is a finding that the defendant lacked the capacity to form the intent required by statute to commit the crime at issue. *State v. Brink*, 500 N.W.2d 799, 803 (Minn.App.1993). Such a verdict is a determination that the mental state required for the offense did not exist and, therefore, resolves the criminal proceeding in favor of the defendant. *See generally State v. Schreiber*, 558 N.W.2d 474, 480 (Minn.1997) (noting that issue in mental illness phrase of bifurcated trial is whether defendant is completely excused from

criminal liability because of mental illness), *cert. denied,* —— U.S. ——, 118 S.Ct. 228, 139 L.Ed.2d 160 (1997). Although we need not decide the issue, a verdict of not guilty by reason of mental illness is arguably an acquittal for purposes of double jeopardy. *See United States v. Scott*, 437 U.S. 82, 97–98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978) (noting that defense of insanity, like defense of entrapment, provides legal justification for criminal acts and thereby establishes an "essentially factual defense"); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571–72, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977) (holding defendant is acquitted for double jeopardy purposes when there is a resolution in defendant's favor of one or more factual elements of offense charged); *cf. State v. Abraham*, 335 N.W.2d 745, 748–49 (Minn.1983) (holding that finding of entrapment constitutes acquittal for purposes of double jeopardy). A verdict of not guilty by reason of mental illness at least approaches the status of an acquittal for double jeopardy purposes. We conclude it is a sufficiently favorable resolution to invoke the presumption of expunction under the statute.

Expunging Ambaye's record would not, as the state contends, obliterate the distinction between a verdict of not guilty and a verdict of not guilty by reason of mental illness. Expunction is a narrow issue, affecting only the records of a criminal prosecution. Moreover, a verdict of not guilty by reason of mental illness entails a civil commitment proceeding. Minn. R.Crim. P. 20.02, subd. 8(1). For a defendant like Ambaye, who was hospitalized for six years pursuant to a civil commitment, there is a significant distinction between a verdict of not guilty and a verdict of not guilty by reason of mental illness.

■■ Having determined that the expunction statute applies in this case, we must decide whether it entitles Ambaye to an expunction order. A favorable resolution of the criminal proceeding does not by

itself entitle a petitioner to expunction; the statute merely establishes a presumption that expunction will be granted where there is such a resolution

> unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record.

Minn.Stat. § 609A.03, subd. 5(b) (1998).

Ambaye has been terminated from two full-time and two part-time professional positions because of his criminal record. He has been denied an apartment for the same reason. The fact that he has been able to find employment and living arrangements of some kind does not diminish the disadvantage posed by the criminal record.

 The district court found that there is a compelling countervailing public interest in maintaining Ambaye's record. We agree, but we cannot weigh the public interest as heavily as if the jury had not concluded Ambaye was mentally ill. Civil commitment, including a lengthy hospitalization, was the consequence society imposed on Ambaye as a result of the jury's verdict. According to an affidavit from his doctor, Ambaye has taken antipsychotic medication for the last 15 years and has had only one short hospitalization in 1983, which was diagnosed as a panic disorder. The record indicates that Ambaye has obtained a professional degree, maintained employment, and been a law-abiding citizen, except for a single prostitution offense, since his release from the security hospital.

The state has not met its burden under the statute of showing by clear and convincing evidence that the public interest requires maintenance of the 1974 records. Although, as the district court indicated, expunction may defeat a purpose of background checks by potential employers, that objection applies to every expunction order. There is no compelling interest here in preventing a rehabilitated person such as Ambaye from being freed of a record of an offense that a jury found was excused by mental illness. Significantly, the state has not attempted to show that Ambaye is a risk to reoffend. Thus, we conclude that Ambaye is entitled to an order of expunction under Minn.Stat. ch. 609A, and we remand for entry of an expunction order. Because we conclude that Ambaye is entitled to expunction under the statute, we need not address the issue of expunction under the court's inherent authority.

## DECISION

The district court erred in denying the petition for expunction.

**Reversed and remanded.**