744 N.W.2d 674 (2008)
STATE of Minnesota, Respondent,
v.
V.A.J., Appellant.
No. A07-71.
Court of Appeals of Minnesota.
February 12, 2008.
*675 Lori Swanson, Attorney General, Paul R. Kempainen, Assistant Attorney, General, St. Paul, MN, Michael O. Freeman,
Hennepin County Attorney, William Richardson, Assistant County Attorney, and David K. Ross, Carlson, Clelland & Schreder, Brooklyn Center Assistant City Attorney, Minneapolis, MN, for respondent.
Roberta B. Walburn, Anne M. Lockner, Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, MN, for appellant.
Considered and decided by SHUMAKER, Presiding Judge; KLAPHAKE, Judge; and WORKE, Judge.

OPINION
WORKE, Judge.
On appeal from the district court's order granting her request for expungement of a misdemeanor-theft conviction but limiting the expungement to judicial-branch records, appellant argues that because the record maintained by the Bureau of Criminal Apprehension was not included in the district court's order, she did not receive an effective remedy. We reverse and remand.

FACTS
Appellant V.A.J. was charged with gross-misdemeanor theft after she left a store with merchandise she did not purchase. In April 2000, appellant pleaded guilty to misdemeanor theft. In May 2006, appellant petitioned for expungement of the misdemeanor-theft conviction. Appellant sought an expungement for employment purposes because she had been denied positions because of her criminal record. Appellant was also scheduled to earn a finance degree and was concerned that her conviction would prevent her from using her degree to secure future employment The city attorney and the Bureau of Criminal Apprehension (BCA) objected to the petition. The district court granted *676 appellant's petition, finding that there was "clear and convincing evidence that the benefit to [appellant] is greater than the disadvantage to the public." But the district court also found that because there was no infringement of appellant's constitutional rights, the court lacked inherent authority to expunge non-judicial records and ordered the sealing Of only judicialbranch records. Thus, the order did not extend to records held by the executive branch of government, including the BCA. Appellant now challenges the district court's order, arguing that she has not realized a meaningful remedy because the expungement did not reach BCA records, which are the records employers regularly rely on for criminal-background checks.

ISSUE
Did the district court err in concluding that it lacked inherent authority to expunge records held by the executive branch?

ANALYSIS
The district court's determination that courts have limited inherent authority to expunge executive-branch records is a question of law, which This court reviews de novo. State v. T.M.B., 590 N.W.2d 809, 811 (Minn.App.1999) (citing Hibbing Educ. Ass'n v. Pub. Employment Relations Bd., 369 N.W.2d 527, 529 (Minn.1985)), review denied (Minn. June 16, 1999).
There are two legal bases for the expungement of criminal records: Minnesota Statutes chapter 609A and a court's inherent authority. State v. Ambaye, 616 N.W.2d 256, 257 (Minn.2000). This case involves the exercise of the district court's inherent authority. The district court has inherent authority to expunge its own records in two situations: when the petitioner's constitutional rights may be seriously infringed by not expunging the record and when "expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing and monitoring an expungement order." Id. at 258. Here, the district court granted expungement of appellant's judicial records after weighing the interests; that ruling has not been appealed.
Appellant argues that the district court erred by not extending the expungement order, under its inherent authority, to records maintained by the BCA in order to provide a meaningful remedy. A district court has inherent authority to expunge records when "necessary to the performance of [] unique judicial functions." State v. C.A., 304 N.W.2d 353, 358 (Minn. 1981). The court's inherent authority to control judicial functions includes control over court records and agents of the court. Id. When a court orders expungement by way of inherent authority it "must proceed cautiously in exercising that authority in order to respect the equally unique authority of the executive and legislative branches of government." Id. at 359. But this does not mean that a court is precluded from sealing records controlled by other branches of government when doing so is necessary or conducive to providing a meaningful remedy for the petitioner. Id. at 359-60.
Judicial intrusions upon the functions of the other branches of government are permissible in limited situations. T.M.B., 590 N.W.2d at 812, The judiciary, by means of its inherent authority, is able to protect against actions by the other branches of government that could "curtail its powers, impair its efficiency, or otherwise preclude it from accomplishing the purpose for which it was created." Id. at 811 (citing In re Clerk of Lyon County *677 Courts' Comp, 308 Minn. 172, 177, 241 N.W.2d 781, 784 (1076)). The judiciary may intrude upon other branches of government in order to vindicate a petitioner's legal rights or in order to protect the judiciary's strength and independence. Id. at 813.
The BCA maintains criminal-history records for the entire state, information received in part from the judicial branch. With the surge in the Internet industry, increased reuse, sharing and sale of criminal records is largely unregulated. Not surprisingly, with the increasing capabilities of electronic sharing of information and increased, public availability of criminal records, the extent of judicial intrusion upon the functions of other branches in furnishing expungement remedies requires clarification and direction. Reconciling the line of expungement cases gives authority to the district court, in the exercise of its inherent authority, to seal records that were initially created and developed through the judicial process and are presently being held by an executive agency, in the case of BCA records, public information.[1]See Minn.Stat. § 13.87 (2006).
This court has previously held that a district court has discretion to expunge all public records pertaining to arrest and prosecution, including material held by the BCA. State v. P.A.D., 436 N.W.2d 808, 811 (Minn.App.1989), review denied (Minn. May 12, 1989). The P.A.D. court followed the reasoning in C.A. that a court has inherent authority to order an expungement when doing so is necessary for a meaningful remedy. Id. at 810.
Following P.A.D., the supreme court appeared to limit the court's inherent authority to expunge criminal records by holding that the district court erred in ordering the expungement and sealing of law-enforcement records. In re Quinn, 517 N.W.2d 895, 896 (Minn.1994). The district court granted the expungement in Quinn, relying on its inherent authority, in order to protect the petitioner from the potential harm of released information because the petitioner had never been prosecuted for an alleged sexual assault. Id. at 897. The supreme court determined that ordering the expungement was not justified to protect a "unique judicial function." Id. at 900 (quotation omitted).
Although the results in P.A.D. and Quinn appear to be inapposite, there are distinctions that reconcile the results. First, the petitioner in P.A.D. requested expungement of her criminal record after she pleaded guilty in district court; the documents sought to be sealed were judicially created materials supplied by the judiciary. 436 NW.2d at 809. The petitioner in Quinn sought expungement and *678 sealing of his arrest record and the investigative file; documents that were not judicially created but were police records, created and maintained by the executive branch. 517 N.W.2d at 897. The supreme court held in Quinn that the district court did not have inherent authority to control how police or prosecutors run their offices. Id. at 900. The Quinn court noted that "UV the records involved were judicial records and if the judiciary had some legitimate interest in expunging or sealing of the records, then the doctrine of inherent judicial authority might" apply. Id. (emphasis added).
This court then held, similar to the decision in Quinn, that a district court does not have inherent authority to order expungement of records held by the executive branch just because those records may have been us6cl in a judicial proceeding. T.M.B., 590 N.W.2d at 812. Here, however, the records sought to be expunged were not merely created for use in a judicial proceeding but, rather, were generated as a result of a judicial proceeding. The public information generated in the district court and disseminated to the BCA, which maintains custodianship of this information, includes: offense, court of conviction, date of the conviction, and sentence information. Therefore, when a district court orders an expungement of a criminal record by way of its inherent. authority, that expungement order includes the judicially created public record maintained by the BCA. In our analysis of this case we take the opportunity to better describe the public records within the reach of a district court's expungement order.

DECISION
Because the district court erred by concluding that it did not have inherent authority to order expungement of appellant's public record generated by the court but held by the BOX the matter is reversed and remanded.
Reversed and remanded.
SHUMAKER, Judge (concurring specially).
I join in the result and the reasoning reflected in this opinion, and I write separately to make two additional pertinent points. First, to offer to eligible persons the remedy of record expungement but then to limit the reach of that expungement so that the record remains accessible to the public is to effectively deny that remedy. This contradiction surely violates the principle of fundamental fairness on which our laws are premised.
Secondly, one significant benefit of an expunged record is that the person who is the subject of that record is permitted to answer inquiries by saying he or she has no criminal record. If the person gives that answer and then a records check with the BCA shows otherwise, the person's credibility is impugned or destroyed.
Thus, as the opinion discusses, for records generated because of and through the mechanisms of the judicial system the district court has inherent expungement authority no matter where else those records might be kept.
NOTES
[1] Although our analysis focuses on three cases, we considered additional expungement cases in concluding that the district court has inherent authority to seal records that were initially created through the judicial process. The petitioner in State v. Schultz requested expungement of "all data related to the offense" and the district court granted expungement, ordering public records relating to the arrest, indictment, trial, and subsequent discharge [from probation] sealed." 676 N.W.2d 337, 340 (Minn.App.2004). This court reversed, holding that the district court lacked inherent authority to expunge non-judicial records. Id. at 345. More recently, this court indicated that the district court lacked inherent authority to order expungement of executive-branch records, which included "records of law-enforcement agencies and the city, county, and state attorney's offices." State v. L.W.J., 717 N.W.2d 451, 456-57 (Minn.App.2006). But the petitioner in L.W.J. did not request and the district court did not grant expungement under the court's inherent authority. Id. at 456. What this court has not previously done and we now take the opportunity to do is more clearly define the records that an expungement order reaches.