The COMMISSIONER OF REVENUE, Respondent,

v.

John L. RICHARDSON et al., Relators,

The COMMISSIONER OF REVENUE, Respondent,

v.

Nathan LIPSON et al., Relators,

The COMMISSIONER OF REVENUE, Respondent,

v.

Kenneth M. ANDERSON et al., Relators,

Conrad J. CARR et al., Relators,

v.

The COMMISSIONER OF REVENUE, Respondent.

Nos. 50381–50383 and 49445.

Supreme Court of Minnesota.

Jan. 30, 1981.

Kenneth M. Anderson and Craig L. Vollmar, Minneapolis, for Richardson et al. and Anderson et al.

Conrad J. Carr, Minneapolis, for Carr et al.

Nathan Lipson, Minneapolis, for Lipson et al.

Warren Spannaus, Atty. Gen., C. H. Luther, Deputy Atty. Gen., and Richard Davis, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for The Commissioner of Revenue.

TODD, Justice.

These consolidated appeals challenge the validity of the limitation of a deduction for contributions to a self-employment retirement plan in the amount of $2,500 for the tax year 1974. Generally, Minnesota defines adjusted gross income to be federal adjusted gross income. Federal legislation in 1974 retroactively raised the amount of deductible contribution to $7,500. This change was not adopted by the Minnesota Legislature until 1975. The Tax Court found that the 1974 Minnesota statutory definition controlled and that the appropriate state deduction was $2,500. We affirm.

The parties have stipulated the facts which may be summarized as follows:

1. During the taxable year ending December 31, 1974, relator Conrad J. Carr and relator Kenneth M. Anderson were self-employed individuals.

2. Relator Carr contributed $7,334.32 to a self-employment plan. Relator Anderson contributed a total of $7,500 to two qualified self-employment retirement plans.

3. Relators Carr and Anderson deducted the total amount of their contribution on their 1974 federal individual income tax returns in arriving at their federal adjusted gross income (AGI).

4. Relators Carr and Anderson reported their 1974 federal AGI computed as described in paragraph 3 on their 1974 Minnesota individual income tax returns.

5. The Income Tax Division of the Minnesota Department of Revenue audited relators Carr and proposed an adjustment which reduced the deduction allowed for payments to a self-employment retirement plan from $7,334.32 to $2,500. Relators Carr unsuccessfully opposed the adjustment and the deduction was limited to $2,500.

Relators Anderson received a notice from the Department of Revenue proposing a similar adjustment limiting the deduction to $2,500. Relators Anderson formally protested and the Commissioner, respondent, adopted the proposed adjustment limiting the deduction.

Relators Lipson and Richardson filed similar Minnesota returns in 1974 and respondent limited their deductions for self-employment retirement plan contributions to $2,500.

The issues on appeal are:

1. Whether Minn.Stat. § 290.01, subd. 20 (1978), limits the maximum deduction for contributions to self-employment retire-

ment plans in the year 1974 to $2,500, the amount allowed by the Internal Revenue Code of 1954 as amended through December 31, 1973.

2. Whether the statute is unconstitutional because it denies equal protection.

3. Whether the statute is unconstitutional because it results in double taxation.

1. We are asked to interpret Minn.Stat. § 290.01, subd. 20 (1978), which reads in part as follows:

> For each of the taxable years beginning after December 31, 1960, and prior to January 1, 1971, the term "gross income" in its application to individuals, estates, and trusts, shall mean the adjusted gross income as computed for federal income tax purposes as defined in the Internal Revenue Code of 1954, as amended through December 31, 1970, for the applicable taxable year, with the modifications specified in this section.
>
> *For each of the taxable years beginning after December 31, 1970, the term "gross income" in its application to individuals, estates, and trusts shall mean the adjusted gross income as computed for federal income tax purposes as defined in the Internal Revenue Code of 1954, as amended through the date specified herein for the applicable taxable year*, with the modifications specified in this section.
>
> \* \* \* \* \* \*
>
> (iii) *The Internal Revenue Code of 1954, as amended through December 31, 1973, shall be in effect for taxable years beginning after December 31, 1973.*
>
> (iv) *The Internal Revenue Code of 1954, as amended through December 31, 1974, shall be in effect for the taxable years beginning after December 31, 1974.* [Emphasis added.]

In calculating Minnesota individual income taxes payable, a Minnesota taxpayer starts with federal adjusted gross income as defined by the Internal Revenue Code of 1954.[1] However, the parties attribute dif-

ferent meanings to Minn.Stat. § 290.01, subd. 20 (1978), which cause the parties to apply different years' versions of the federal income tax laws when computing federal adjusted gross income. Prior to and on December 31, 1973, Section 404(c)(1) of the Internal Revenue Code of 1954 permitted a self-employed individual to deduct a maximum of $2,500 for contributions to a self-employment retirement plan in arriving at federal AGI. On September 2, 1974, the United States Congress amended Section 404(e)(1) of the Internal Revenue Code and raised the maximum deduction to $7,500 for taxable years beginning after December 31, 1973, Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, § 2001(a), 88 Stat. 829 (1974). Accordingly, for federal income tax purposes, an individual taxpayer could deduct a maximum of $7,500 in arriving at federal AGI on his 1974 tax return.

Relators allege that legislative intent must control to give proper effect to Minn. Stat. § 290.01, subd. 20 (1978), and that the legislature intended the 1974 federal amendments to apply for 1974 state tax purposes. Respondent contends that this statute is clear on its face and does not need interpretation. The Tax Court agreed with respondent and held that the statute limited the deduction for contributions to self-employment retirement plans to a maximum of $2,500 for the taxable year ending December 31, 1974, *Anderson v. Commissioner of Revenue*, Nos. 2708, 2670, 2723 (Minn. T.C. May 21, 1979).

■ We agree with the Tax Court. Minn.Stat. § 645.16 (1978) states in pertinent part that:

> The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.

---

1. Since 1961, Minnesota has adopted federal adjusted gross income, with certain modifications that are not relevant to these proceedings,

as Minnesota "gross income" for individual income tax purposes.

*When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded* under the pretext of pursuing the spirit. [Emphasis added.]

No room for judicial construction exists when the statute speaks for itself.

■ This statute is crystal clear. For the taxable year ending December 31, 1974, the federal tax laws that were in effect on December 31, 1973, apply for Minnesota income tax purposes. As stated above, federal law in effect on December 31, 1973, permitted a maximum deduction of $2,500 for contributions to a self-employment retirement plan in arriving at federal AGI. Accordingly, relators were limited to a deduction of $2,500 on their 1974 Minnesota individual income tax returns and amounts deducted in excess of $2,500 were taxable income.

Relators correctly indicate that in 1971, this court held that the Minnesota Legislature's attempt to automatically adopt federal amendments to the Internal Revenue Code constituted an unconstitutional delegation of legislative powers. *See Wallace v. Commissioner of Taxation*, 289 Minn. 220, 184 N.W.2d 588 (1971). Since *Wallace*, the legislature has responded by amending Minn.Stat. § 290.01, subd. 20, annually to adopt changes in the federal income tax laws. Relators utilize this legislative history to make two central arguments. First, relators contend that the revisor of statutes meant "as amended *for* the applicable tax year" when the revisor used the phrase "as amended through December 31, * * *." This contention fails because the statute unambiguously uses the word "through" and not "for." Second, relators basically argue that by adding amendments continually the Minnesota Legislature intended to retroactively adopt for Minnesota purposes the federal tax laws in effect for federal tax purposes for the year in question, except where the legislature specified otherwise. As a basis for this contention, relators argue that when Minn.Stat. § 290.01, subd. 20(iv), was enacted in 1975, subd.

20(iii) was simultaneously repealed and re-enacted. This argument contains no merit because: (1) provisions of an old law which are not altered by a new amendment shall be construed as effective from the date first enacted, Minn.Stat. § 645.31, subd. 1 (1978), and (2) even if repealed and reenacted, section 290.01, subd. 20(iii), remains unchanged. The statutory words of subd. 20(iii) still read "as amended through December 31, 1973" and not "as amended through December 31, 1974."

■ Relators correctly note that the instructions accompanying the 1974 Minnesota individual income tax returns do not alert a taxpayer to the discrepancy, but these instructions have no legal effect. In addition, it was disclosed at oral argument that the Minnesota Department of Revenue had sent a bulletin to tax practitioners on their mailing list alerting them to the discrepancy.

■ 2. Relator Carr contends that the statute is a denial of equal protection because in 1974 the state taxed no other retirement income except that of self-employed persons. Initially, it must be observed that what is being considered is a deduction from taxable income which is a matter of legislative grace. *United States v. Olympic Radio & Television, Inc.*, 349 U.S. 232, 235, 75 S.Ct. 733, 99 L.Ed.2d 1024 (1955). We find no denial of equal protection since in 1974 contributions to all self-employment retirement plans received the same treatment. This classification is permissible. *Contos v. Herbst*, 278 N.W.2d 732 (Minn.), *appeal dismissed*, 444 U.S. 804, 100 S.Ct. 24, 62 L.Ed.2d 17 (1979).

3. Relator Carr also contends that double taxation results if Minn.Stat. § 290.01, subd. 20 (1978), is interpreted to disallow deductions for contributions to a self-employment retirement plan in excess of $2,500. Specifically, relator Carr argues that Minnesota taxes the same income twice: first, in 1974 to the extent that relator's contribution exceeds the allowable $2,500 deduction and again when relator receives the contributions as retirement income.

Respondent correctly contends and the trial court held that relator Carr will not be subject to double taxation. Relator's contributions which could not be deducted in 1974 escape tax when received in the form of retirement income because Minn. Stat. § 290.01, subd. 20(b)(8) (1978), allows a reduction in federal AGI for state income tax purposes as follows:

The amount of any distribution from a qualified pension or profit sharing plan included in federal adjusted gross income in the year of receipt to the extent of any contribution not previously allowed as a deduction by reason of a change in federal law which was not adopted by Minnesota law for a taxable year beginning in 1974 or later; * * *.

Minn.Stat. § 290.01, subd. 20(b)(8) (1978). Accordingly, when relator Carr receives income from his self-employment retirement plan, relator Carr may subtract contributions previously disallowed as deductions, eliminating such contributions from Minnesota taxable net income and hence, double taxation.

Even if relator Carr were subjected to double taxation, this court has held that neither state nor federal constitutional law forbids double taxation. A constitutional violation exists only if the double taxation results in lack of uniformity or offends due process or equal protection. *See Reed v. Bjornson*, 191 Minn. 254, 253 N.W. 102 (1934). As stated above, such is not the case for relator Carr.

Affirmed.