**U.S. SPRINT COMMUNICATIONS COMPANY, LTD.,**
Respondent,

v.

**COMMISSIONER OF REVENUE,**
Relator.

No. C5–97–1993.

Supreme Court of Minnesota.

May 21, 1998.

Hubert H. Humphrey III, Atty. Gen., James W. Neher, Asst. Atty. Gen., Tax Litigation Div., for relator.

Steven Z. Kaplan, Richard D. Snyder, Fredrikson & Byron, P.A., Minneapolis, for respondent.

## OPINION

PAGE, Justice.

By Notice of Determination on Appeal dated March 8, 1996, the Minnesota Commissioner of Revenue (Commissioner) assessed an additional sales tax, with interest, and a penalty against respondent, U.S. Sprint Communications Company, Ltd. (Sprint) for the period July 31, 1990, through December 31, 1993. In the Notice, the Commissioner concluded that Sprint improperly excluded the federal excise tax on long-distance telephone service from the base amount for calculating the Minnesota state sales tax on its sales of long-distance telephone service. Sprint appealed to the Minnesota Tax Court which determined that the federal excise tax is not part of the gross receipts Sprint receives from its sales of long-distance service or part of the sales price customers pay for long-distance telephone service. Therefore, the tax court reversed the Commissioner's determination and held that the federal excise tax is not includable in the base amount for calculating the Minnesota sales tax. Because we hold that the federal excise tax is not part of the consideration paid by the customer for long-distance telephone service, we affirm.

Sprint is a limited partnership that provides long-distance telephone service to customers throughout the United States. Federal law imposes a 3 percent excise tax on amounts paid for communications services,

including long-distance telephone service.[1] Sprint collects the federal excise tax from its customers and holds the proceeds in trust for the benefit of the federal government until remitting them to the Internal Revenue Service.

The State of Minnesota imposes a 6.5 percent sales tax on gross receipts from retail sales of long-distance telephone service.[2] As with the federal excise tax, Sprint collects the state sales tax from its customers and remits the proceeds to the Commissioner of Revenue.

In 1994, the Department of Revenue audited Sprint's sales tax remissions for the period July 31, 1990, through December 31, 1993. The audit revealed that Sprint did not include the amount of the federal excise tax it collected from long-distance telephone service customers during that period in the base amount for calculating the Minnesota sales tax. As a result, the Commissioner issued Sprint a notice of change in its sales tax. In the notice, the Commissioner asserted that the federal excise tax should have been included in the base amount for calculating the Minnesota sales tax. After rejecting Sprint's protest, the Commissioner issued the Notice of Determination on Appeal, assessing Sprint an additional tax of $482,796.04, interest in the amount of $130,376.26, and a penalty pursuant to Minn.Stat. § 289A.60, subd. 5 (1996), in the amount of $33,693.03.

■ The Commissioner contends that the federal excise tax is part of the sales price for Sprint's long-distance telephone service and therefore must be included in the base amount for calculating the Minnesota sales tax on that long-distance telephone service. Whether the federal excise tax is includable in the base amount for calculating Minnesota's sales tax is a question of statutory construction which we review *de novo*.[3]

Minnesota Statutes section 297A.02 (1996) imposes a 6.5 percent sales tax on the gross receipts from sales at retail made within the state. A "sale at retail" includes furnishing long-distance telephone service for consideration.[4] "Gross receipts" consist of "the total amount received, in money or otherwise, for all sales at retail as measured by the sales price."[5] Therefore, the federal excise tax is only includable in the base amount for calculating the sales tax on long-distance telephone service if it is part of the "sales price" for that service. Minnesota Statutes section 297A.01, subdivision 8 (1996), defines "sales price," as "the total consideration valued in money, for a retail sale whether paid in money or otherwise."[6] Subdivision 8 does not specifically include or exclude federal excise taxes in the "sales price." However, before 1987, Minn.Stat. § 297A.01, subd. 8, explicitly excluded all federal excise taxes from the sales price for calculating Minnesota's sales tax. In 1987, the legislature removed from subdivision 8 the language excluding federal excise taxes.[7] In doing so, the legislature did not indicate which, if any,

---

1. 26 U.S.C. §§ 4251(a), 4291 (1989).

2. Minn.Stat. § 297A.02, subd. 1 (1996); Minn. Stat. § 297A.01, subds. 3(f) and 4 (1996).

3. *See Homart Dev. Co. v. County of Hennepin*, 538 N.W.2d 907, 910–11 (Minn.1995).

4. *See* Minn.Stat. § 297A.01, subds. 3(f) and 4 (1996).

5. Minn.Stat. § 297A.01, subd. 9 (1996).

6. Minn.Stat. § 297A.01, subd. 8 (1996), provides: ["Sales price" means] the total consideration valued in money, for a retail sale whether paid in money or otherwise, excluding therefrom any amount allowed as credit for tangible personal property taken in trade for resale, without deduction for the cost of the property sold, cost of materials used, labor or service cost, interest, or discount allowed after the sale is consummated, the cost of transportation incurred prior to the time of sale, any amount for which credit is given to the purchaser by the seller, or any other expense whatsoever. A deduction may be made for charges of up to 15 percent in lieu of tips, if the consideration for such charges is separately stated. No deduction shall be allowed for charges for services that are part of a sale. A deduction may also be made for interest, financing, or carrying charges, charges for labor or services used in installing or applying the property sold or transportation charges if the transportation occurs after the retail sale of the property only if the consideration for such charges is separately stated. There shall not be included in "sales price" cash discounts allowed and taken on sales or the amount refunded either in cash or in credit for property returned by purchasers.

7. *See* Act of May 28, 1987, ch. 268, art. 4, § 3, 1987 Minn. Laws 1039, 1186.

federal excise taxes were to be included in the sales price for calculating the Minnesota sales tax. The Commissioner asserts that, due to the removal of the language excluding federal excise taxes from the statute, the federal excise tax at issue here is part of Sprint's sales price for its long-distance services.

The flaw in the Commissioner's argument, however, is that the language of subdivision 8, as it exists today, is clear and unambiguous; therefore, in construing subdivision 8, this court will not look beyond its plain meaning.[8] If, in 1987, the legislature sought to include the federal excise tax on long-distance telephone service as part of the sales price, the language it used in the statute does not accomplish that task. It is not our role to complete what the legislature began, but left unfinished.[9] Subdivision 8 defines "sales price" as the total *consideration* for a retail sale, and then it expressly lists certain deductions and inclusions.[10] While discerning what constitutes "consideration" may involve some analysis, the term "consideration" is neither unclear nor ambiguous. On the contrary, it is a legal term of art that has been applied by this court for over a hundred years.[11] Looking to legislative history to infer something that is not plainly there is neither necessary nor proper.[12]

■ Thus, if the federal excise tax does not constitute consideration paid for long-distance telephone service, it is not includable in the base amount for calculating Minnesota's sales tax. Consideration requires that one party to a transaction voluntarily assume an obligation on the condition of an act or forbearance by the other party.[13] However, a thing is not consideration unless both parties to a contract have adopted it as such.[14] Here, customers agree to pay a certain price to Sprint on the condition that Sprint provides them with long-distance telephone service. Likewise, Sprint agrees to furnish long-distance telephone service in exchange for a set price from its customers. Above and beyond the price agreed to between Sprint and its customers, the federal government, independent of either Sprint or the customers, imposes a 3 percent excise tax. Unlike the proceeds Sprint receives from the sales price, the amounts that Sprint collects from its customers in federal excise taxes do not constitute part of Sprint's revenue and gross income and do not constitute consideration paid for long-distance telephone service.[15] Sprint merely collects the federal excise tax and holds it in trust for the federal government until remitted to the Internal Revenue Service. Sprint does not derive any benefit from collecting the federal excise tax. This is not a case where the legal incidence of the federal excise tax falls on Sprint as a producer or seller of the service [16] and thus becomes part of Sprint's cost of doing business included in its sales price. In short, the federal excise tax on long-distance telephone service is not something of value given in return for the service; therefore, it is not part of the consideration customers pay for that service.

In conclusion, we hold that the federal excise tax on long-distance telephone service,

8. *See Homart Dev. Co.*, 538 N.W.2d at 911 (if a statute is free from ambiguity, courts look only at a statute's plain meaning).

9. *See Green Giant Co.* v. *Commissioner of Revenue*, 534 N.W.2d 710, 712 (Minn.1995) (stating "[w]e will not supply that which the legislature purposefully omits or inadvertently overlooks"); *State v. Moseng*, 254 Minn. 263, 269, 95 N.W.2d 6, 11–12 (1959) (where failure of expression, rather than ambiguity of expression, constitutes vice of statute, courts are not free to substitute amendment for construction, thereby supplying legislative omissions).

10. *See* Minn.Stat. § 297A.01, subd. 8.

11. *See, e.g., Johnson v. Rumsey*, 28 Minn. 531, 11 N.W. 69 (1881).

12. *Commissioner of Revenue v. Richardson*, 302 N.W.2d 23, 26 (Minn.1981) (there is no room for judicial construction when the statute speaks for itself); *Sterling Elec. Co. v. Kent*, 233 Minn. 31, 34, 45 N.W.2d 709, 711 (1951) (where the meaning of a revised statute is free from ambiguity, prior law cannot be resorted to for purpose of creating an ambiguity).

13. *Cady v. Coleman*, 315 N.W.2d 593, 596 (Minn. 1982).

14. *Cederstrand v. Lutheran Brotherhood*, 263 Minn. 520, 535, 117 N.W.2d 213, 222–23 (1962).

15. *See* 26 U.S.C. §§ 4291, 7501 (1989).

16. *See* 26 U.S.C. § 4251(a) (1989).

does not constitute consideration that customers pay for long-distance telephone service and is therefore not part of the sales price for that service and is not includable in the base amount for calculating Minnesota's sales tax. Having determined that the federal excise tax is not part of the sales price for long-distance telephone service and not includable in the base amount for calculating Minnesota's sales tax, we do not reach either the constitutional arguments raised by Sprint or the propriety of the penalty imposed by the Commissioner.

Affirmed.

BLATZ, C.J., and GILBERT, J., took no part in the consideration or decision of this case.