INTERSTATE TRAFFIC SIGNS,
INC., Relator,

v.

COMMISSIONER OF REVENUE,
Respondent.

No. A13–1610.

Supreme Court of Minnesota.

April 23, 2014.

John E. Valen, Walker, MN, for relator.

Lori Swanson, Attorney General, Shannon M. Harmon, Assistant Attorney General, Saint Paul, MN, for respondent.

———

OPINION

GILDEA, Chief Justice.

This is an appeal from the tax court's order upholding the Commissioner of Rev-

enue's assessment of tax on certain charges imposed as part of an equipment rental transaction. The tax court held that the taxpayer's charge to retrieve rental equipment at the end of the rental term, referred to as a "pick-up" charge, is subject to sales tax pursuant to Minn.Stat. § 297A.62, subd. 1 (2012). The sole issue on appeal is whether pick-up charges fall within the definition of "sales price" under Minn.Stat. § 297A.61, subd. 7 (2012), making those charges subject to sales tax under Minn.Stat. § 297A.62, subd. 1. Because we conclude that pick-up charges are included in the sales price and subject to sales tax, we affirm.

Relator Interstate Traffic Signs, Inc. ("Interstate") is a Minnesota corporation located in Walker that rents traffic control equipment to contractors working on road construction projects. As part of the rental, Interstate furnishes, delivers, and sets up the rented equipment. At the end of the rental term, Interstate retrieves the rental equipment and completes any necessary repairs to that equipment. For each project, Interstate prepares an invoice that includes charges for the equipment rental and for delivery and pick-up of that equipment. Delivery charges include costs associated with preparation, delivery, and equipment set-up, as well as the labor costs for those activities. Pick-up charges include costs associated with retrieving and returning the equipment to Interstate, the labor costs for those activities, and any costs incurred to repair the equipment. Interstate's customers cannot decline the pick-up services and are required to pay for Interstate's pick-up charges as part of the rental transaction.

Prior to April 2010, Interstate charged sales tax on only the equipment rental charge; it did not charge tax on its delivery and pick-up charges. Starting in April 2010, Interstate began to charge sales tax on the delivery charges but did not charge tax on pick-up charges.

The Minnesota Department of Revenue audited Interstate in 2010. Following the audit, the Commissioner of Revenue issued a Notice of Change in Sales and Use Tax, which assessed an additional $37,837.62 in sales and use tax plus interest of $3,675.01 for a total of $41,512.63 for July 1, 2007, through August 31, 2010. As relevant here, the Commissioner determined that Interstate should have been charging sales tax on its pick-up charges.[1]

Interstate appealed to the tax court the portion of the Commissioner's order that assessed sales tax on Interstate's pick-up charges. Interstate and the Commissioner stipulated to the material facts and then cross moved for summary judgment. The tax court concluded that the pick-up charges fell within the plain meaning of "sales price" in Minn.Stat. § 297A.61, subd. 7. The court then determined that Minn.Stat. § 297A.61, subd. 7(a), prohibits the deduction of pick-up charges from the sales price. Finally, the court rejected Interstate's argument that an earlier version of the Department of Revenue's Sales Tax Fact Sheet 155, which was silent on whether pick-up charges are taxable, demonstrated the ambiguity of the statutory language. The court granted the Commissioner's motion for summary judgment, upheld the Commissioner's order assessing sales tax on Interstate's pick-up charges,

---

1. The Commissioner's Notice of Change in Sales and Use Tax included three schedules, the accuracy of which are not disputed on appeal. Schedule A reflects the total amount of pick-up charges for which Interstate did not charge sales tax after April 2010. Sched- ule B reflects the total amount of delivery and pick-up charges for which Interstate did not charge sales tax prior to April 2010. Sched- ule C is the use tax owed on purchases made by Interstate, which was undisputed and was subsequently paid by Interstate.

and denied Interstate's motion for summary judgment. This appeal follows.

■ On an appeal from summary judgment, when the facts are stipulated, we review de novo whether the tax court erred in its application of the law. *Sprint Spectrum LP v. Comm'r of Revenue,* 676 N.W.2d 656, 658 (Minn.2004). The parties do not contend that any facts are in dispute. Rather, the parties disagree as to how we should interpret Minn.Stat. § 297A.61 as applied to the undisputed facts. Specifically, Interstate argues that the silence of both the relevant statutes and the Department of Revenue's written materials on the taxable nature of pick-up charges demonstrates that pick-up charges are not taxable. The Commissioner argues, based on the broad definition of "sales price" in Minn.Stat. § 297A.61, subd. 7, and the presumption that all sales are taxable, that we should affirm the tax court. The parties' arguments as to the interpretation of Minn.Stat. § 297A.61 and Minn.Stat. § 297A.62 present a question of law that we review de novo. *McLane Minn., Inc. v. Comm'r of Revenue,* 773 N.W.2d 289, 293 (Minn.2009).

### I.

■ Our analysis begins with the general proposition that Minnesota law imposes a sales tax "on the gross receipts from retail sale" made in Minnesota. *See* Minn. Stat. § 297A.62, subd. 1. Interstate does not dispute that its equipment rentals constitute "retail sales" for purposes of section 297A.62, subdivision 1. *See* Minn.Stat. § 297A.61, subd. 4(a) (2012) (stating that a "retail sale" is "any sale, lease, or rental for any purpose ... in the normal course of business"). The question then becomes whether pick-up charges are part of "gross receipts" under section 297A.62, subdivision 1. "Gross receipts" are "the total amount received, in money or by barter or exchange, for all sales at retail as measured by the sales price." Minn.Stat. § 297A.61, subd. 8 (2012). The tax court held that Interstate's pick-up charges are taxable as gross receipts because those charges fall within the definition of "sales price," Minn.Stat. § 297A.61, subd. 7. We agree.

### A.

Minnesota Statutes 297A.61, subd. 7(a), defines "sales price" as "the total amount of consideration ... for which personal property or services are sold, leased, or rented, valued in money, whether received in money or otherwise." Subdivision 7(a) also lists specific costs or charges that cannot be deducted when determining the sales price. *Id.* Interstate's pick-up charges are part of the sales price for the rental transactions under the plain language of the statute.

■ Interstate's pick-up charges are part of the sales price because the pick-up charges are part of the consideration for the rental transaction. "Consideration" is "[s]omething (such as an act, a forbearance, or a return promise) bargained for and received by a promisor from a promisee." *Black's Law Dictionary* 347 (9th ed.2009); *see also U.S. Sprint Commc'ns Co., Ltd. v. Comm'r of Revenue,* 578 N.W.2d 752, 754 (Minn.1998) ("[T]he term 'consideration' is neither unclear nor ambiguous."). A taxpayer that "quote[s] a total sales price to its customers ... and receive[s] [payment] for that total sales price" receives consideration for the transaction. *Fridlund Sec. Co. v. Comm'r of Revenue,* 430 N.W.2d 154, 162 (Minn.1988) (rejecting taxpayer's argument that it "never actually received consideration" because the payments it received were later delivered to a third party); *see also Minn. Twins P'ship v. Comm'r of Revenue,* 587 N.W.2d 287, 289 (Minn.1998) (concluding

that taxpayer who did not receive payment for the tangible personal property given to a customer "received no consideration" for the exchange); *U.S. Sprint Commc'ns*, 578 N.W.2d at 754 ("Sprint agrees to furnish ... service in exchange for a set price from its customers. ...").

Interstate's pick-up charges represent consideration—something of value given in return for the services it provides to its rental customers. Interstate rents equipment that must be returned. Instead of requiring the customer to make that return, Interstate provides a valuable service: locating the equipment, picking it up, repairing it, and returning it to Interstate's location. These services are valuable because a rental transaction necessarily contemplates a time-limited transfer of possession or control. *See* Minn.Stat. § 297A.61, subd. 14a(a) (2012) (defining rental as the "transfer of possession or control of tangible personal property for a fixed or indeterminate term for consideration"). And, although Interstate requires its customers to use the pick-up service (and therefore incur the pick-up charges), the customer avoids incurring the tangible and intangible costs associated with locating moved equipment, repairing that equipment, and returning it to Interstate in a timely fashion.

In addition, Interstate receives a benefit from collecting the pick-up charges—recovering the costs associated with end-of-the-rental term activities, such as the labor, time, and fuel necessary to retrieve and repair rental items. Because these reciprocal benefits and obligations are voluntarily accepted by Interstate and its rental customers, the pick-up charges comprise part of the total consideration Interstate receives for renting its personal property. *See U.S. Sprint Commc'ns*, 578 N.W.2d at 754 (determining that excise tax did not constitute consideration because

Sprint did not derive any benefit from collecting it and it was not something of value given in return for service). As consideration, pick-up charges are part of the sales price Interstate charges for its retail sales.

Finally, Interstate's pick-up charges fall within the scope of charges that Minn.Stat. § 297A.61, subd. 7(a), says are not to be deducted when determining the sales price. This is so because Interstate's pick-up charges are charges "for any services necessary to complete the sale." Minn. Stat. § 297A.61, subd. 7(a)(3) (stating that charges "for any services necessary to complete the sale" are not to be deducted when determining sales price). In order for Interstate's activities to constitute a rental transaction, the equipment must be returned to Interstate at the end of the rental term. Minn.Stat. § 297A.61, subd. 14a. In other words, the return of the rental items is an essential part of each rental transaction. In fact, Interstate requires that each customer use Interstate's pick-up services. Each sale requires the customer's agreement to pay Interstate the pick-up charges associated with returning the rental equipment. Because equipment must be returned and because the customers are unable to opt out of Interstate's pick-up services, the pick-up charges are for a service necessary to complete the sale. Under the plain language of Minn.Stat. § 297A.61, subd. 7(a)(3), therefore, pick-up charges are not deductible from the taxable sales price.

Based on the plain language of Minn. Stat. § 297A.61, subd. 7, as applied to the undisputed facts, we hold that Interstate's pick-up charges are included within the sales price that Interstate receives for its equipment rentals.

### B.

Having concluded that Interstate's pick-up charges are part of the sales price

Interstate received for its rental transactions, those charges are subject to sales tax unless an exemption applies. *See Great Lakes Gas Transmission L.P. v. Comm'r of Revenue,* 638 N.W.2d 435, 438 (Minn.2002) (" '[E]verything is presumed taxable unless specifically exempted.' " (quoting *Morton Bldgs., Inc. v. Comm'r of Revenue,* 488 N.W.2d 254, 258 (Minn. 1992))). Minnesota Statutes § 297A.61, subd. 7(b), identifies items that are not included within the definition of sales price. *See* Minn.Stat. § 297A.61, subd. 7(b) (excluding discounts, interest, financing and other credit carrying expenses, and taxes legally imposed directly on the consumer that are separately stated on the invoice). Interstate does not argue that its pick-up charges fall within any of these exempt categories.

Interstate argues instead that section 297A.61, subdivision 7, is ambiguous because pick-up charges are not specifically mentioned, either in paragraph (a), which lists examples of charges that cannot be deducted from the sales price, or in paragraph (b), which lists items that are excluded from sales price.[2] We disagree that the statute is ambiguous.

A statute is ambiguous only when the statute's language is subject to more than one reasonable interpretation. *State v. Mauer,* 741 N.W.2d 107, 111 (Minn.2007). We have recognized that "silence does not render a statute ambiguous unless the silence renders the statute susceptible to more than one reasonable interpretation." *Rohmiller v. Hart,* 811 N.W.2d 585, 590 (Minn.2012); *see also In re Welfare of R.S.,* 805 N.W.2d 44, 51 (Minn.2011). In this case, when the statute is examined as a whole, it is not ambiguous.

It is true, as Interstate argues, that pick-up charges are not specifically referenced in the statute. But Minn.Stat. § 297A.61, subd. 7(a), contains a broad definition of "sales price." *See* Minn.Stat. § 297A.61, subd. 7(a) (defining sales prices as "the total amount of consideration"); Minn.Stat. § 297A.61, subd. 7(a)(3) (noting that charges "necessary to complete the sale" are not to be deducted when determining sales price). There is simply no reasonable way to read that definition in a way that does not cover the charges at issue here. *See McLane Minn., Inc.,* 773 N.W.2d at 297 (rejecting a "proposed interpretation [that was] incomplete because it view[ed] the statute piecemeal").

In short, the plain language of Minn. Stat. § 297A.62 and Minn.Stat. § 297A.61 compel the conclusion that Interstate's pick-up charges are subject to sales tax. We therefore hold that the tax court correctly granted the Commissioner's motion for summary judgment and denied Interstate's motion for summary judgment.

Affirmed.

---

**2.** Interstate also contends that the statute is ambiguous based on the Department of Revenue's Sales Tax Fact Sheet 155 (Jan.2002), because that sheet did not specifically include pick-up charges in the discussion of taxable "delivery charges." This argument is without merit. The Commissioner of Revenue has the discretion to issue tax information bulletins to enable taxpayers to become more familiar with state revenue laws. Minn.Stat. § 270C.08 (2012). In addition to giving the Commissioner the discretion to issue tax in-

formation sheets, Minn.Stat. § 270C.08 specifically states that "[n]othing contained in the tax information bulletins supersedes, alters, or otherwise changes any provisions of the state revenue laws, administrative rules, court decisions, or revenue notices." Accordingly, the absence of specific information on a fact sheet does not have a legal effect on the taxability of pick-up charges, and it cannot render otherwise plain statutory language ambiguous.