ANDERSON, Justice.
*614 Relators Charles and Anita Waters appeal from an order of the tax court that upheld the decision of respondent Commissioner of Revenue to include Pell grants in its calculation of relators' household income, which is used to determine their eligibility for, and the amount of, a property tax refund. Household income includes, among other things, "nontaxable scholarship or fellowship grants." Minn. Stat. § 290A.03, subd. 3(a)(2)(xiii) (2018).[1] Relators argue that a Pell grant is neither a "scholarship" nor a "fellowship" within the meaning of this statutory language. The Commissioner argues that "nontaxable scholarship or fellowship grants" is plain and unambiguous and includes Pell grants. Because we agree with the Commissioner, we affirm the decision of the tax court.
FACTS
In 2014, Charles and Anita Waters applied for and received a property tax refund of $1,448.55, which was calculated based on the household income reported by relators. Later, the Commissioner determined that relators had underreported their household income by failing to include $4,263 in Pell grants.[2] The Commissioner recalculated relators' refund, rescinded the 2014 refund, and assessed relators $232 in additional taxes.
Relators challenged the Commissioner's order in the tax court. Applying the plain language of the statute, the tax court granted the Commissioner's motion for summary judgment, concluding that "household income" for the purpose of calculating a property tax refund is unambiguous and includes "both 'nontaxable scholarship ... grants' and 'nontaxable ... fellowship grants.' " Waters v. Comm'r of Revenue , No. 9034-R, 2018 WL 1475976, at *8 (Minn. T.C. Mar. 12, 2018). The court held that, under this reading, "it does not matter whether the Pell grant is a 'scholarship grant' or a 'fellowship grant': if it is nontaxable, it is nevertheless included in the calculation of household income for purposes of the property tax refund program." Id.
Relators sought review by certiorari of the tax court's interpretation of Minn. Stat. § 290A.03. Relators maintain that Pell grants are not scholarships or fellowships and therefore cannot be included in the household income calculation made to determine the amount of the property tax refund.
ANALYSIS
An order of the Commissioner of Revenue is prima facie valid. Minn. Stat. § 271.06, subd. 6(a) (2018). A taxpayer bears the burden of presenting evidence to rebut this presumption. Conga Corp. v. Comm'r of Revenue , 868 N.W.2d 41, 53 (Minn. 2015). Statutory interpretation is a question of law reviewed de novo.
*615 Antonello v. Comm'r of Revenue , 884 N.W.2d 640, 643-44 (Minn. 2016).
Here, the tax court granted the Commissioner's summary judgment motion, concluding that there was no genuine issue of material fact as to the amounts of the Pell grants relators received, and the plain language of the statute, Minn. Stat. § 290A.03, subd. 3(a)(2)(xiii), demonstrated that the Commissioner was entitled to judgment as a matter of law. The only issue before us is whether the tax court erred in its interpretation of the relevant statutory language. See Minn. Stat. § 271.10, subd. 1 (2018). A Minnesota taxpayer may be eligible for a property tax refund if the taxpayer's property taxes exceed a certain percentage of the taxpayer's "household income." See Minn. Stat. § 290A.04, subd. 1 (2018). The first step in determining refund eligibility is to calculate the taxpayer's "household income," which includes "all income received by all persons of a household in a calendar year," excluding the income of a dependent. Minn. Stat. § 290A.03, subd. 5 (2018). "Income," in turn, is defined as "the sum of ... federal adjusted gross income" plus certain additional categories of income that are not included in federal adjusted gross income. Id. , subd. 3(a)(1)-(2) (2018).
The issue in this appeal is whether the phrase "nontaxable scholarship or fellowship grants" includes Pell grants.[3] We turn first to describing the nature of Pell grants and the purposes served by those grants. Pell grants are federal need-based grants awarded to low-income undergraduate and certain postbaccalaureate students to provide access to postsecondary education. See 20 U.S.C. § 1070 (2012) ; Federal Pell Grant Program , U.S. DEP'T. EDUC. , https://www2.ed.gov/programs/fpg/index.html (last updated June 4, 2015) [opinion attachment]. The amount awarded depends on the institution's cost of attendance, the student's need, and the student's enrollment status. See 20 U.S.C. § 1070a (2012) ; Federal Pell Grant Program , supra. Pell grants can be directly awarded to an institution, directly paid to the student, or both. Federal Pell Grant Program , supra.
We now turn to the plain language of the statute at issue. When interpreting a statute, our goal is to "ascertain and effectuate the intent of the Legislature." State v. Henderson , 907 N.W.2d 623, 625 (Minn. 2018). "We read a statute as a whole and give effect to all its provisions." Id. When the language of the statute is unambiguous, we apply the plain meaning. Id. We look to dictionary definitions when determining the plain and ordinary meaning of a word or phrase. State v. Haywood , 886 N.W.2d 485, 488 (Minn. 2016).
We begin with "scholarship," which is defined as the "character, qualities, activity, or attainments of a scholar" and "learning." Webster's Third New International Dictionary 2031 (2002). When used as an adjective in the clause "scholarship grant," it clearly means a type of grant that enables learning or scholarly activities. Pell grants do exactly that-help low income undergraduate students access and afford postsecondary education.[4]
*616 In urging us to reach the opposite conclusion, relators assert that, as need-based grants, Pell grants are neither scholarships nor fellowships. Merely referring to "scholarship" or "fellowship" grants, as does the clause at issue here, see Minn. Stat. § 290A.03, subd. 3(a)(2)(xiii), does not, according to relators, encompass education grants of any type. The rules of grammar are helpful in addressing this argument. A fair reading of the statute shows that "scholarship" and "fellowship" are both adjectives that modify the noun "grants." This reading is consistent with the absence of a comma between "scholarship" and "or," which would have had the effect of separating the phrase into two distinct clauses. From purely a grammatical standpoint, the structure of the statute does not support relators' narrow reading that excludes some types of scholarships or fellowships from household income. See, e.g. , ILHC of Eagan, LLC v. Cty. of Dakota , 693 N.W.2d 412, 419 n.5 (Minn. 2005) (explaining that "grammar is a complementary analytical tool for understanding how language is used to convey meaning").
Pell grants are nontaxable and therefore includable in calculating household income. We need go no further in our consideration of the statutory language. We have held that "[n]o room for judicial construction exists when the statute speaks for itself." Comm'r of Revenue v. Richardson , 302 N.W.2d 23, 26 (Minn. 1981). The plain language of the statute includes Pell grants in household income.
The statute identifies several other categories of funds that are not included as "income," and none of these categories suggests that scholarships or grant income-whether taxable or nontaxable-are excluded. See Minn. Stat. § 290A.03, subd. 3(b). If the Legislature had intended to exclude Pell grants, or any other need-based grants, from the calculation of household income, it would have done so in subdivision 3(b).[5] We therefore hold that Pell grants are "nontaxable scholarship or fellowship grants" under the plain language of Minn. Stat. § 290A.03, subd. 3(a)(2)(xiii), and thus the Pell grants received by relators must be included in the calculation of "household income" to determine their eligibility for a property tax refund.
CONCLUSION
For the foregoing reasons, we affirm the decision of the tax court.
Affirmed.
Attachment *617 *618 *619 *620 --------

After the property tax refund at issue in this appeal was filed, the Legislature amended Minn. Stat. § 290A.03. We cite to the current version of the statute because the amendments have not altered the substance of the provision that is before us in this appeal.

Although there was an additional dispute regarding contributions made by relators to a retirement account, including a cash or deferred arrangement plan under section 401(k) of the Internal Revenue Code, this issue was resolved and is not before us.

The specific statutory definition at issue is "income," see Minn. Stat. § 290A.03, subd. 3(a), but eligibility for a property tax refund is based, in part, on a taxpayer's "household income," Minn. Stat. § 290A.04, subd. 1 ; see Minn. Stat. § 290A.03, subd. 5 (defining "household income" by reference to "income"). It is undisputed that relators both received Pell grants and resided in the same household during the relevant period of time. See Minn. Stat. § 290A.03, subd. 4 (defining "household"). Thus, we refer to the income at issue here as "household income."

Based on this conclusion, we have no need to consider whether the word "fellowship" imparts a different meaning because scholarships and fellowships are alternative types of "grants."

The result we reach here is consistent with the conclusion of the Minnesota Department of Revenue. The Department instructs taxpayers to "include any other sources of income that weren't taxed on your federal return. Common examples include: ... nontaxable scholarships, fellowships and grants for education."Household Income for the Homestead Credit Refund (for Homeowners) and Renter's Property Tax Refund , Minn. Dep't Revenue (Dec. 27, 2017), http://www.revenue.state.mn.us/individuals/prop_tax_refund/Pages/Determining_Household_Income_for_the_Property_Tax_Refund.aspx (last updated Dec. 27, 2017) [opinion attachment].