WORKE, Judge
Appellants challenge the district court's grant of summary judgment to respondents, and denial of their summary-judgment motion, on respondents' claim that appellants unlawfully refused to disclose certain voter data that respondents requested under the MGDPA. Because we conclude that the data requested by respondents, and not produced by appellants, are public data, we affirm.
FACTS
Respondent Minnesota Voters Alliance's stated objective is to ensure confidence in the integrity of Minnesota elections. Respondent Andrew Cilek is its executive director (respondents referred to collectively as "the MVA"). On July 21, 2017, the MVA sent a letter to appellants Office of the Minnesota Secretary of State and Steve Simon in his official capacity as Minnesota Secretary of State (appellants referred to collectively as "the secretary of state") requesting access, pursuant to the MGDPA, to "non-private government data" "contained in the Statewide Voter Registration System [ (the SVRS)]."
The SVRS is the centralized voter registration database used by the secretary of state and election officials to administer elections in Minnesota. Minn. Stat. § 201.022 (2018). The SVRS contains information on registered voters and previously registered voters. Voter information includes: name; voter ID number; address; date of birth; driver's license number; phone number; email address; method by which registration application was submitted; whether a request was made to protect SVRS data from public disclosure due to safety concerns; status (active, inactive, challenged, and deceased); and voter history, including a list of prior elections in which the voter cast a vote. The MVA requested:
Voter registration, status and voting history information on every Minnesota voter, whether active, inactive or deleted [for] whom the secretary of state maintains or has maintained voter registration data from January 1, 2016, to present.
The information requested includes, but is not limited to the following voter data:
• Voter ID #
*329 • First middle and last names and any suffix
• Address
• Phone number (if available)
• Year of birth
• Voter history indicating ballot type (ie: in-person or absentee)
• Voter status (ie: active, inactive, deleted challenged, etc)
• Reason for challenge or other status (ie: felon, address, etc)
• All other data routinely provided on the public information CD ("detailed history for all elections")
On August 1, 2017, the secretary of state responded to the MVA's request: "Pursuant to section 201.091, subds. 4 and 5, [the MVA is] entitled only to the public information list." The public information list includes: "voter name, voter address, year of birth of the voter, voting history, information on the voting districts in which the voter resides and is eligible to vote, and the telephone number, if available." See Minn. Stat. § 201.091, subd. 4.
Citing McGrath v. Minnesota Secretary of State , the secretary of state denied the MVA's request for data that are not on the public information list because "by statute, the only list available for inspection by members of the public is the public information list."See No. A11-613, 2011 WL 5829345, at *5 (Minn. App. Nov. 21, 2011), review denied (Minn. Feb. 14, 2012). The secretary of state indicated that the "other information [that the MVA] requested is not part of the Public Information List, and is therefore unavailable."
On August 10, 2017, the MVA filed a complaint in district court seeking access to the data that the secretary of state refused to provide. The secretary of state moved to dismiss or, in the alternative, for summary judgment, arguing that under Minnesota law, (1) registered voters' data contained on the SVRS is presumed not accessible to the public, and (2) the secretary of state is granted discretion whether to disclose that SVRS data. The secretary of state claimed that section 201.091 protects from public disclosure the SVRS data that it withheld.
On December 18, 2017, the district court denied the secretary of state's motion to dismiss. The district court determined that the secretary of state failed to point to a statute, federal law, or temporary classification that provides that the data requested are not public. The district court further concluded, that while the secretary of state had discretion to disclose "other information" maintained in the SVRS, the secretary of state did not have discretion to classify that other information as not public.
Following failed settlement negotiations, the parties filed cross-motions for summary judgment. On July 11, 2018, the district court granted the MVA's motion for summary judgment and denied the secretary of state's motion for summary judgment. The district court concluded that the MVA is entitled to summary judgment because the MGDPA "presumes government data, including data at issue in this case, [are] public and [the secretary of state] failed to set forth a federal law, state statute or a temporary classification of data that provides that the data requested by [the MVA] [are] not public." This appeal followed.
ISSUE
Did the district court err in granting the MVA's motion for summary judgment and denying the secretary of state's motion for summary judgment based on its determination that the data requested by the MVA are public data under the MGDPA?
*330 ANALYSIS
The secretary of state challenges the district court's summary-judgment rulings. This court reviews summary-judgment decisions de novo. Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC , 790 N.W.2d 167, 170 (Minn. 2010). This court "determine[s] whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." Id. This court views the evidence in the light most favorable to the party against whom summary judgment was granted. STAR Ctrs., Inc. v. Faegre & Benson, L.L.P. , 644 N.W.2d 72, 76-77 (Minn. 2002). A genuine issue of material fact exists if a rational fact-finder, in considering the record as a whole, could find for the non-moving party. Coursolle v. EMC Ins. Grp., Inc. , 794 N.W.2d 652, 657 (Minn. App. 2011), review denied (Minn. Apr. 19, 2011).
Our analysis requires us to review whether the district court properly applied the MGDPA and Minn. Stat. § 201.091. Statutory interpretation is a question of law reviewed de novo. Cocchiarella v. Driggs , 884 N.W.2d 621, 624 (Minn. 2016) ; Davies v. W. Publ'g Co. , 622 N.W.2d 836, 841 (Minn. App. 2001) (stating that district court's decision following application of a statute to undisputed facts is not binding on this court), review denied (Minn. May 29, 2001).
The object of all statutory interpretation is to ascertain and effectuate legislative intent. Minn. Stat. § 645.16 (2018). "Every law shall be construed, if possible, to give effect to all its provisions." Id. When interpreting a statute, the first step is to examine its language to determine whether the words are clear and free from ambiguity. Staab v. Diocese of St. Cloud , 813 N.W.2d 68, 72 (Minn. 2012). If the statute's unambiguous language makes the legislature's intent clear, this court interprets the statute according to its plain meaning. Binkley v. Allina Health Sys. , 877 N.W.2d 547, 550 (Minn. 2016). If the statute is ambiguous, meaning susceptible to more than one reasonable interpretation as applied to the facts of the case, an appellate court may look to other principles of statutory interpretation to discern legislative intent. Staab , 813 N.W.2d at 72-73.
Under the MGDPA, government data are presumed public and accessible by the public. Minn. Stat. § 13.01, subd. 3. "All government data collected, created, received, maintained or disseminated by a government entity shall be public unless classified by statute, or temporary classification pursuant to section 13.06, or federal law, as nonpublic or protected nonpublic, or with respect to data on individuals, as private or confidential." Minn. Stat. § 13.03, subd. 1 (emphasis added). The secretary of state does not dispute the presumption that government data are public, but argues that the "unless" applies in this matter.
When a request to access government data is denied, "the responsible authority ... shall cite the specific statutory section, temporary classification, or specific provision of federal law upon which the determination is based." Id. , subd. 3(f). The secretary of state cited section 201.091, subdivisions 4-5, as the "specific statutory section" upon which denial of the MVA's request was based. See Minn. Stat. § 13.607, subd. 6 ("Access to registered voter lists is governed by section 201.091.").
Section 13.607 of the MGDPA governs, among other things, election data. It provides: "The sections referred to in this section are codified outside [the MGDPA]. Those sections classify ... election data as other than public, place restrictions on access to government data, or involve data *331 sharing." Id. , subd. 1. Subdivision 6 cross-references section 201.091, which includes provisions addressing "a master list," "a corrected list," and "public information lists." Minn. Stat. § 201.091, subds. 1, 2, 4.
"The master list" is "a current list of registered voters in each precinct in [a] county." Id. , subd. 1. It is prepared by each county auditor, created by entering voter registration applications into the SVRS. Id. The master list maintained by each county auditor "must show the name, residence address, and date of birth of each voter registered in the precinct." Id. "The information contained in the master list may only be made available to public officials for purposes related to election administration, jury selection, and in response to a law enforcement inquiry concerning a violation of or failure to comply with any criminal ... or state or local tax statute." Id. The "[c]orrected list" is a "final corrected master list." Id. , subd. 2.
By February 15 of each year, the secretary of state shall prepare the master list for each county auditor. The records in the [SVRS] must be periodically corrected and updated by the county auditor. An updated master list for each precinct must be available for absentee voting at least 46 days before each election. A final corrected master list must be available seven days before each election.
Id.
"Public information lists" must contain "the name, address, year of birth, and voting history of each registered voter in [a] county.... [And] the party choice of any voter who voted in the most recent presidential nomination primary." Id. , subd. 4. The voter's telephone number must be included if provided by the voter. Id. A public information list may also include information on voting districts. Id. A voter may have his or her name withheld from the public information list if the voter signs a statement asserting that withholding the voter's name from the public information list is required for the voter's or the voter's family's safety. Id.
An individual may request to inspect a public information list. Id. An individual requesting to inspect or obtain a public information list must show identification and state in writing that "information obtained from the list will not be used for purposes unrelated to elections, political activities, or law enforcement." Id. If an individual makes a proper request, a "county auditor shall make available for inspection a public information list." Id.
The secretary of state may provide copies of the public information lists and other information from the [SVRS] for uses related to elections, political activities, or in response to a law enforcement inquiry from a public official concerning a failure to comply with any criminal ... or any state or local tax statute.
Id. (emphasis added). "Requests to examine or obtain information from the public information lists or the [SVRS] must be made and processed in the manner provided in the rules of the secretary of state." Id.
Section 201.091 further restricts access to certain data. "A list provided for public inspection ... must not include a voter's date of birth or any part of a voter's Social Security number, driver's license number, identification card number, military identification card number, or passport number." Id. , subd. 9.
Pursuant to the MGDPA, the MVA requested "non-private government data" contained in the SVRS. The secretary of state provided most of the information requested by making available the "current statewide public information list." The secretary of state did not provide data on *332 voter status (active, inactive, deleted, challenged), reason for a challenge (felon, address, etc.), or "registration, status and voting history information on every Minnesota voter ... active, inactive or deleted."[1]
The MVA contends that the entirety of its request should have been granted because it requested data from the SVRS, which was a general request to the secretary of state under chapter 13 for public data. The secretary of state counters that Minn. Stat. § 201.091, subds. 1, 4, 5, and this court's unpublished decision in McGrath support its denial. The district court determined that none of the cited authorities specify that the requested data are not public. We conclude that the district court is correct; none of the secretary of state's cited authorities explicitly state that the requested data are not public, and the discretion afforded the secretary of state to disclose the requested data pursuant to its own rules casts doubt on the legislature's intent to categorically deem it not public.
Section 201.091, subdivision 1, does not classify the requested data as not public because there is no indication that the unproduced data is in the master list. By statute, the master list includes "the name, residence address, and date of birth of each voter registered in the precinct." Minn. Stat. § 201.091, subd. 1. This section does not state that the master list includes voter status; reason for challenge; or the voting history on active, inactive, or deleted Minnesota voters.
Nor does section 201.091, subdivision 4, resolve our inquiry because the MVA did not simply request the public information list; the MVA requested "non-private government data" contained in the SVRS. The secretary of state partially granted the MVA's request and provided the MVA access to the public information list because there is no dispute that the MVA sought the information for a statutorily permissible use. See id. , subd. 4 (stating that before inspecting the public information list, the individual requesting access "shall state in writing that any information obtained from the list will not be used for purposes unrelated to elections, political activities, or law enforcement").
The MVA's request included data in the SVRS that is not on the public information list. Significantly, under section 201.091, subdivision 4, the secretary of state "may" provide "other information from the [SVRS]" if requested for permissible purposes. Id. It is undisputed that the MVA sought the data for political activities, a permissible purpose. The secretary of state argues that the "may" language in the statute affords discretion to disclose this "other information," and that therefore it is not public data. We are not persuaded. If the secretary of state has unfettered discretion to disclose the contested data, which we need not decide, it would be nonsensical to conclude that the legislature has classified that data on individuals as private or confidential data. See KSTP-TV v. Ramsey County , 806 N.W.2d 785, 789 (Minn. 2011) (explaining levels of access to classifications of data on individuals).
The legislative branch is tasked with classifying government data. See Minn. Stat. § 13.03, subd. 1 ("All government *333 data collected, created, received, maintained or disseminated by a government entity shall be public unless classified by statute, or temporary classification pursuant to section 13.06, or federal law, as nonpublic or protected nonpublic, or with respect to data on individuals, as private or confidential."). The secretary of state may not assume a function of our legislature and classify data as not public when the legislature has not made that determination. See State v. T.M.B. , 590 N.W.2d 809, 812 (Minn. App. 1999) (stating that the separation-of-powers doctrine generally prohibits each branch of government from intruding upon another's unique constitutional functions), review denied (Minn. June 16, 1999). Accordingly, section 201.091, subdivision 4, does not support the secretary of state's decision to withhold the data.
Section 201.091, subdivision 5, is similarly unhelpful to the secretary of state's position. Under this section, "the secretary of state shall provide copies of the public information lists in electronic or other media to any voter registered in Minnesota within ten days of receiving a written or electronic request accompanied by payment of the cost of reproduction." Minn. Stat. § 201.091, subd. 5. This section relates to access to public information lists; it does not provide that the data that the MVA requested is classified as not public.
The secretary of state also relied on an unpublished case from this court that states "by statute the only list available for inspection by members of the public is the public information list."See McGrath , 2011 WL 5829345, at *5. First, unpublished opinions are not precedential and are of limited value in deciding an appeal. See Minn. Stat. § 480A.08, subd. 3(c) (2018) ("Unpublished opinions of the Court of Appeals are not precedential."); Dynamic Air, Inc. v. Bloch , 502 N.W.2d 796, 800-01 (Minn. App. 1993) (stating dangers of miscitation and unfairness associated with use of unpublished opinions). Second, in denying a request for government data, the responsible authority must cite "the specific statutory section, temporary classification, or specific provision of federal law on which the determination is based." Minn. Stat. § 13.03, subd. 3(f). An unpublished case from this court is not among the identified legal authorities upon which a denial may be based.
We acknowledge that, reading section 201.091 in conjunction with related statutory sections, an argument can be made that the legislature did not intend the bulk of the SVRS database to be accessible to the public. See Am. Family Ins. Grp. v. Schroedl , 616 N.W.2d 273, 277 (Minn. 2000) ("We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations."). But the legislature has not expressly stated that the data in the SVRS is not public. And section 201.091, subdivision 4, expressly contemplates dissemination of data beyond that included on the public information list. Construing the statute as a whole, we cannot conclude that the legislature intended to classify the requested data as not public, thereby overriding the general presumption that all government data are public.
DECISION
Section 201.091 does not classify the data requested by the MVA as not public. Thus, the secretary of state incorrectly relied on section 201.091 as the "specific statutory section" to support its denial of the MVA's request for data. See Minn. Stat. § 13.03, subd. 3(f). Therefore, the district court did not err in granting the MVA's motion for summary judgment and *334 denying the secretary of state's motion for summary judgment.
Affirmed.

The parties appear to disagree whether all voter-history data was provided. At oral argument, counsel for the MVA asserted that requested data not received included: detailed voter history, ballot type, voter status, and reason for challenge. Counsel for the secretary of state countered that the MVA was provided voter history because that is data contained on the public information list. See Minn. Stat. § 201.091, subd. 4. The record is not clear as to whether data on ballot type was provided.